■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMAL THOMAS, Appellant. [683 NYS2d 557] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Pitts, J.), rendered October 7, 1997, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged in an indictment with three counts of murder in the second degree. In April 1997 the defendant pleaded guilty to one count of murder in the second degree in full satisfaction of the indictment with the understanding that he would cooperate in the prosecution of a codefendant. In

exchange for this plea, the defendant was promised a sentence of an indeterminate term of 15 years to life imprisonment. Thereafter, the defendant made a *pro se* motion to withdraw his plea on the ground of ineffective assistance of counsel. In response, the People withdrew their consent to the plea agreement and asked that the entire indictment be reinstated based on the defendant's failure to cooperate in the prosecution of the codefendant. The County Court rejected both applications and sentenced the defendant as promised.

As provided in CPL 220.10, a defendant may, with both the permission of the court and the consent of the People, enter a plea of guilty to one or more but not all of the offenses charged in an indictment. Inasmuch as the court, the defendant, and the People all agreed to the April 1997 plea, it was entered in accordance with the provisions of this statute. Accordingly, there is no merit to the defendant's contention that the court was without jurisdiction to enforce the plea (*see generally, Morgenthau v Gold,* 189 AD2d 617). We further note that the defendant has received the full benefit of his bargain without having cooperated in the prosecution of the codefendant.

The defendant's remaining contentions are without merit. Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.