THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* BROOKS B. BRADSHAW, Respondent.*

Third Department, March 9, 1938.

* For opinion of County Court on motion to change plea, see 164 Misc. 565.

*Royal D. Woolsey, District Attorney,* for the appellant.

*August Merrill,* for the respondent.

HILL, P. J. Two indictments for grand larceny, second degree, were returned against the defendant by a grand jury of Madison county. One charges the appropriation and theft of $200 from defendant's employer, Sangerfield Natural Gas and Oil Corporation, the other charges the appropriation and theft of $500 from the same corporation. The defendant was arraigned and pleaded not guilty to each of the indictments. He thereafter withdrew that plea as to the indictment charging the theft of $200 and pleaded guilty to petit larceny. The recorded judgment of the court was " Suspended sentence; probation indefinitely." The defendant appealed to this court from the judgment of conviction, but the appeal was never brought to argument. Nearly ten months after the plea the trial court ordered " That Brooks B. Bradshaw be and hereby is permitted to withdraw his plea of guilty to the indictment of grand larceny second degree, found by the Grand Jury of Madison County on September 17, 1936, and reduced to petit larceny and to substitute a plea of not guilty to the crime charged in the said indictment," and shortly thereafter the same court dismissed both indictments. The People have appealed from each of the orders.

The order dismissing the indictments was made upon inspection of a portion of the minutes of the grand jury and the proceedings had before that body. It is asserted by the district attorney and not denied that " The defendant Brooks B. Bradshaw was permitted to go before the Grand Jury on request of his attorney and upon waiver of immunity upon the part of the defendant." The record before the grand jury which is quoted by the county judge follows: " Q. Mr. Bradshaw, you understand that you have been accused of a crime? A. Yes, sir. Q. And your attorney has requested that you be allowed to come in before the Grand Jury and make your statement in regard to that matter? A. Yes. Q. And in so doing you waive any immunity you have in reference to such statement? A. I do." The indictments were dismissed for the reason that defendant appeared before the grand jury. It is not questioned that his appearance was voluntary and followed a request made by his attorney.

The grand jury may hear evidence on the part of a defendant. (Code Crim. Proc. § 257.) The fact that the defendant voluntarily appeared before the grand jury and gave evidence does not invalidate the indictment or prevent the use of his evidence there given by the People on a subsequent trial. (*People* v. *Ferola*, 215 N. Y. 285; *People* v. *Molineux*, 168 id. 264, 333; *People* v. *Chapleau*, 121 id. 266; *People* v. *Rauch*, 140 Misc. 691; *People* v. *Goldenberg*, 110 id. 556; *Matter of Morse*, 42 id. 664; *People* v. *Singer*, 5 N. Y. Crim. Rep. 1.) The indictments were not invalidated and should not have been dismissed.

The order permitting the withdrawal of the plea of guilty is not appealable (Code Crim. Proc. § 518) and that appeal should be dismissed. The People may test the legality of this order, if at all, under the former order of prohibition now under article 78 of the Civil Practice Act. (*People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24.)

The order dismissing the indictments should be reversed on the law and facts, and the appeal from the order permitting the withdrawal of the plea of guilty should be dismissed.

RHODES, MCNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Order dismissing indictments reversed on the law and facts.

The appeal from the order permitting the withdrawal of plea of guilty is dismissed.