■　THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. HAROLD S. EVANS and DOROTHY COLLINS, Respondents.— Appeal by the People from a judgment of the former County Court, Kings County, rendered August 15, 1962 upon defendants' pleas of guilty, convicting them of possession of policy slips as a misdemeanor (Penal Law, § 975) and imposing a fine of $25 against each defendant. The fines were paid. Judgment as against each defendant reversed on the law, fines remitted, pleas of guilty set aside, and action remittted to the Criminal Term of the Supreme Court, Kings County, for further proceedings not inconsistent herewith. No questions of fact were considered. The indictment charged defendants with operating a policy business as a felony (first and second counts), with keeping a place for the game of policy (third count) and with possession of policy slips. Defendants pleaded not guilty but later requested leave to withdraw these pleas, offering to plead guilty to possession of policy slips as a misdemeanor (Penal Law, § 975) — such plea to cover the entire indictment. Over the objection of the District Attorney, the court allowed defendants to withdraw their pleas of not guilty and to enter pleas of guilty to the lesser crime. In our opinion, the trial court's acceptance of the guilty pleas to lesser crimes, despite the District Attorney's objection, was error. Whatever the rule may be in other jurisdictions, we still adhere to our prior holding that such a practice is unauthorized (*Matter of McDonald* v. *Sobel,* 272 App. Div. 455, affd. 297 N. Y. 679). Contrary to the view expressed by our learned colleague in his dissenting memorandum, we are of the opinion that in this case the People do have a right to appeal from the judgment even though nominally it is in their favor and against the defendants. The People's right to appeal rests on two grounds: (1) In practical effect, the judgment constitutes a dismissal of the original indictment and the felony therein charged, and a conviction and sentence upon a misdemeanor not charged. The People have a right to appeal from any judgment or order, made at any stage of the action, dismissing an indictment on a demurrer or on any ground other than the insufficiency of the evidence adduced at the trial (Code Crim. Pro., § 518, subds. 1, 3). A judicial determination which is "in the nature of a dismissal of an indictment" is appealable (cf. *Matter of Silver* v. *Gassman,* 6 A D 2d, 694). (2) The People also have the right to appeal in "all cases where an appeal *may* be taken by the defendant" (Code Crim. Pro., § 518, subd. 5). Here, by reason of the sentence imposed, an appeal *may* be taken or could have been taken by the defendants

from the judgment; and on such an appeal this court is empowered to modify or reduce the sentence. For the sentence is an integral part of the judgment of conviction; a defendant has an absolute right under the statute to obtain a review as to the propriety of his sentence; and the only way in which he can obtain such review is by appeal from the judgment — a right which has never been denied to him if he has elected to exercise it within the time prescribed by law (*People* v. *Mellon,* 261 App. Div. 400, 401–402; *People* v. *Rozea,* 267 App. Div. 569; *People* v. *Taras,* 269 App. Div. 694, affd. 296 N. Y. 983; cf. *People* v. *Frankola,* 264 App. Div. 741; *People* v. *Kolodny,* 10 A D 2d 950; see, also, 20 Misc 2d, 267, 269). However, the test of the People's right to appeal is not, as indicated by the dissenting memorandum, whether the defendant feels sufficiently aggrieved by the sentence to move him to prosecute an appeal from the judgment, but whether he is empowered or authorized to take an appeal — whether he *may* appeal. In other words, the mere creation and existence of such a potential right in the defendant is sufficient to confer a reciprocal right of appeal upon the People. The fact that the defendant may fail to exercise his right of appeal — no matter what the reason may be for his nonexercise — cannot operate to annul the People's derivative or reciprocal right to appeal which is expressly granted by the statute (Code Crim. Pro., § 518, subd. 5). Procedurally, the two cases (*Matter of McDonald* v. *Sobel, supra; Matter of Stebbins* v. *Sherwood,* 148 Misc. 763, affd. 241 App. Div. 615) relied upon in the dissenting memorandum, are distinguishable. There, the decision reviewed was made either before or during trial — but prior to the entry of judgment; and an immediate and separate review of such intermediate determination was properly had by a mandamus or article 78 proceeding. For it is well settled that no *separate appeal* lies from such an intermediate order; it may be reviewed on appeal only as an incident to an appeal from the judgment (*People* v. *Gersewitz,* 294 N. Y. 163, 166). At any intermediate stage of the action — that is, prior to the entry of judgment — the only way the validity of an intermediate order may be decided is by peremptory mandamus or article 78 proceeding. That, essentially, is the only procedural holding made in the *McDonald* and *Stebbins* cases (to the same effect, see, also, *People* v. *Bradshaw,* 253 App. Div. 405, 407; cf. *People* v. *Runk,* 200 N. Y. 447, 452). An exception, however, was recently created by statute as to intermediate orders for the suppression of evidence; a separate appeal from such an order now lies prior to trial and judgment (Code Crim. Pro., § 518, subd. 6; § 518-a; L. 1962, ch. 954). Thus, the mandamus proceeding is sanctioned by the exigencies and practical necessities of the case. Whenever during or before trial the Judge, by his ruling or determination, creates an "impasse" for the District Attorney so that he cannot proceed in accordance with the indictment as drawn, such an intermediate determination [with the statutory exception noted above] "is not appealable by the People and, consequently, the only means of testing the court's power is by instituting" a mandamus or article 78 proceeding against the Judge (*Matter of Silver* v. *Gassman,* 12 Misc 2d 58, 61, affd. 6 A D 2d 694, *supra*). After the entry of judgment, however, the remedy of an appeal therefrom is available in order to test the validity of the Judge's intermediate determination made prior to or during the trial; and the remedy is equally available both to the defendant and to the People (cf. *People* v. *Masselli,* 17 A D 2d 367; *People* v. *O'Connor,* 16 A D 2d 615–616; *People* v. *Heath,* 237 App. Div. 209; *People* v. *Gersowitz,* 294 N. Y. 163, 166, *supra*). Beldock, P. J., Ughetta and Hill, JJ., concur; Brennan, J., concurs in the result; Hopkins, J., dissents and votes to dismiss the appeal with the following memorandum: If we were to entertain this appeal, I would also vote to reverse the judgment and to remit the action for further proceedings on the ground that the trial court may not accept a plea to a lesser crime over the objection of the Dis-

trict Attorney (*Matter of McDonald* v. *Sobel*, 272 App. Div. 445, affd. 297 N. Y. 679). However, I do not believe that the question is properly presented to us. The right of an appeal in a criminal action is strictly circumscribed by statute (*Matter of Ryan* [*Hogan*], 306 N. Y. 11, 16). The jurisdiction of the appellate court cannot be assumed, unless a statute expressly sanctions its exercise (*People* v. *Zerillo*, 200 N. Y. 443, 446). Even though no brief was submitted or appearance made by the defendants on the appeal, if it appears that the court has no jurisdiction, the court may not consider the appeal (cf. *Matter of Bonime*, 265 App. Div. 964). The People can appeal only in certain specific instances (Code Crim. Pro., § 518); and it is clear that none of them applies to the present case, unless it may be said that the authority has been conferred by the language of subdivision 5 of said section 518. Such subdivision provides for the right of appeal by the People in "all cases where an appeal may be taken by the defendant, except where a verdict or judgment of not guilty has been rendered." A defendant may appeal from a judgment of conviction based on his plea of guilty, only where: (1) the court has no jurisdiction, or (2) the sentence is claimed to be excessive (*People* v. *Scott*, 3 N Y 2d 148, 152; *People* v. *Kolodny*, 10 A D 2d 950; Code Crim. Pro., § 543, subd. 1). But here there is neither a claim that the court lacked jurisdiction nor a claim that the sentence was inadequate or incorrect. The essence of the appeal by the People lies in the action of the trial court in accepting the defendants' pleas of guilty without a recommendation by the District Attorney. Manifestly, this was an intermediate decision, and not appealable (cf. *People* v. *Bradshaw*, 253 App. Div. 405). The proper procedure to review the validity of this decision is a proceeding under article 78 of the Civil Practice Act to direct the trial court to vacate the order permitting the entry of the plea — the procedure which was followed in other cases (*Matter of McDonald* v. *Sobel*, 272 App. Div. 455, affd. 297 N. Y. 679, *supra*; *Matter of Stebbins* v. *Sherwood*, 148 Misc. 763, affd. 241 App. Div. 615). When the relief sought under an article 78 proceeding is granted, it is implicit that the relief could not have been obtained by an appeal (Civ. Prac. Act, § 1285, subd. 4; cf. *Matter of Barber* v. *Richardson*, 176 Misc. 210). For these reasons, I believe that we are bound by *Matter of McDonald* v. *Sobel* (*supra*) and by *Matter of Stebbins* v. *Sherwood* (*supra*), and that the appeal must be dismissed for lack of jurisdiction.