■ In the Matter of Henry D. Blumberg, as District Attorney of Herkimer County, Appellant, v. Robert Lennon, Individually and as Village Justice of the Village of Mohawk, et al., Respondents.— Judgment unanimously reversed, without costs, petition granted and information reinstated. Memorandum: In an article 78 proceeding the District Attorney of Herkimer County petitioned Special Term for a judgment vacating the plea of respondent Michael Martinovic of guilty of speeding in violation of subdivision (a) of section 1180 of the Vehicle and Traffic Law and vacating the acceptance of such plea by respondent Village Justice Robert Lennon in satisfaction of a charge of driving while intoxicated in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law made against said Martinovic by a New York State Trooper by Simplified Traffic Information No. D230826, and petitioner sought to have the information reinstated. The District Attorney appeals from a judgment entered under CPLR 9002 denying the petition upon the decision of the Justice at Special Term who heard the application. The District Attorney contends that under subdivision 4 of CPL 220.10 a court may only accept a plea to a lesser-included crime when the People consent; that this provision applies to local criminal courts (CPL 100.55, subd. 5; 340.20, subd. 1); that the People did not consent to the alleged reduction in plea in this case; and that hence the Village Justice lacked authority to accept such plea (see *Matter of McDonald v. Sobel*, 272 App. Div. 455, affd. 297 N. Y. 679; *People* v. *Evans*, 18 A D 2d 1018). Respondent urged and Special Term held that since the alleged violation occurred on October 21, 1972 and the Village Justice accepted the plea of speeding on November 27, 1972, the District Attorney must be presumed to have consented. It was argued that it is common practice in Herkimer County for such a reduced plea to be accepted by a Justice without objection from the District Attorney, and that since five weeks had elapsed since the charge was made, without the District Attorney advising the court that a reduced plea would not be acceptable, the court was justified in accepting the plea. There are, of course, many Justices in Herkimer County, and it does not appear that notice of all information laid against offenders is promptly brought to the attention of the District Attorney or that in fact he knew of the pendency of the information in the present case. Regardless of that, however, the statutory requirement of consent by the People to the acceptance of a reduced plea can hardly be obtained by estoppel against the District Attorney on the basis of his alleged negligence or indifference. Even an express consent by the District Attorney to the acceptance of such a reduced plea in one case (and there is no assertion that the District Attorney has ever so consented in a case of this sort) would be no indication of his consent to accept such a plea in another case. The statute may not be so read. In the absence of express consent by the District Attorney to the acceptance of a reduced plea in a specific case, the court is without jurisdiction to accept such a plea. We note also that there is no showing that the offense of "speeding" is a lesser-included offense of driving while intoxicated, which was the only charge in this case. Since the Village Justice was without authority to accept the reduced plea of speeding, the judgment should be reversed, the petition granted, the plea of guilty of speeding and its acceptance in satisfaction of the information for driving while intoxicated should be vacated and the information should be reinstated. (Appeal from judgment of Herkimer Special Term in article 78 proceeding to reinstate traffic information.) Present — Marsh, P. J., Witmer, Simons, Mahoney and Goldman, JJ.