OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant does not dispute that the court’s acceptance of her plea (to the class D felony in satisfaction of an indictment including a post-September 1, 1973 A-II felony count) was erroneous as a matter of law as prohibited by explicit provision of statute (CPL 220.10, subd 6, par [a]). Realistically the plea bargain must be considered as a nonseverable entity, and accordingly the bargain in its entirety was a total nullity as to all six counts of the indictment. The invalidity of the acceptance of the plea having been brought to its attention, the court exercised its inherent power to correct its own error. (Cf. Matter of Cosgrove v Kubiniec, 56 AD2d 709; People v Darling, 50 AD2d 1038; Matter of Blumberg v Lennon, 44 AD2d 769; Matter of McDonald v Sobel, 272 App Div 455 [vacaturs of guilty pleas entered in contravention of statute].) The court thereupon properly vacated the plea of guilty as to the one count and reinstated the not guilty pleas as to all six counts. Defendant was thereafter retried on the three post-September 1, 1973 counts of the indictment.
Our Legislature had power to provide that acceptance of a plea in satisfaction did not constitute an acquittal of the "satisfied” counts (cf. Kring v Missouri, 107 US 221, 225). CPL 40.30 (subd 3) so provides and is controlling: "Despite the occurrence of proceedings specified in subdivision one [here termination in a conviction upon a plea of guilty], if such proceedings are subsequently nullified by a court order which restores the action to its pre-pleading status or which directs a new trial of the same accusatory instrument, the nullified proceedings do not bar further prosecution of such offense under the same accusatory instrument.” Retrial under the original indictment was accordingly not barred by statute.
*967 Nor has there been any violation of defendants’ constitutional right not to be twice put in jeopardy (US Const, 5th Amdt; NY State Const, art I, § 6). Neither the satisfaction of the five remaining counts on the initial acceptance of the plea of guilty to the one count nor the vacatur of the guilty plea to that count was the equivalent of an acquittal based on an adjudication as to the factual elements of the charge. (United States v Scott, 437 US 82; People v Key, 45 NY2d 111.)
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.