Hon. William G. Connelie Superintendent State Police
This response is in answer to the two questions you pose in your letter dated May 7, 1979. In your first question you ask whether a District Attorney may delegate his duty to conduct all prosecutions for petty offenses cognizable by the local courts of his county to the police officer who was either the arresting officer or the complainant upon the accusatory instrument.
Section 700(1) of the County Law provides that the District Attorney has a duty to prosecute all crimes and offenses cognizable by the courts of his county.
Section 10 of the Penal Law defines an "offense" as conduct punishable by imprisonment or by a fine as provided by any State law, any local law, or any order or regulation of any governmental instrumentality authorized by law to adopt such a regulation.
The court of Appeals in People v Van Sickle, 13 N.Y.2d 61 (1963) ruled that a lay complaining witness may conduct a prosecution, but that the District Attorney must carry the responsibility and must provide a system whereby he knows of all the criminal prosecutions in his county and either appears therein in person or by assistants or consents to appearance on his behalf by other public officers or private attorneys.
From section 700(1) of the County Law, section 10 of the Penal Law and the ruling in Van Sickle, it may be concluded that while the District Attorney is responsible for all prosecutions in the county, he may consent to have prosecutions for petty offenses in the local courts of his county conducted by a police officer who was either the arresting officer or the complainant, on the understanding that the extent of such consent is clearly defined and that the police officer reports any such prosecutions to the District Attorney.
The delegation to a police officer of authority to prosecute does not in and of itself confer the power to consent or withhold consent to a plea to a petty offense other than that charged in the accusatory instrument. His powers are limited to those specifically delegated to him by the District Attorney. The power to prosecute does not imply the power to consent to the acceptance of a reduced plea. The question was considered in Matter of Blumberg v Lennon, 44 A.D.2d 769 (4th Dept, 1974), where the court said:
 "[T]he statutory requirement of consent by the People to the acceptance of a reduced plea can hardly be obtained by estoppel against the District Attorney on the basis of his alleged negligence or indifference. Even an express consent by the District Attorney to the acceptance of such a reduced plea in one case (and there is no assertion that the District Attorney has ever so consented in a case of this sort) would be no indication of his consent to accept such a plea in another case. * * * In the absence of express consent by the District Attorney to the acceptance of a reduced plea in a specific case, the court is without jurisdiction to accept such a plea."
This does not mean, however, that the District Attorney when informed of all of the facts cannot delegate to the prosecuting police officer the ministerial duty of consenting to a reduced plea in a particular case.