■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIME COHEN, Appellant.—Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered August 13, 1991, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.

Upon pleading guilty to the crime of criminal sale of a controlled substance in the second degree, defendant was sentenced to a prison term of seven years to life. We reject defendant's contention that he was entrapped into committing the crime to which he pleaded guilty, the most serious count of the indictment, to enable the People to gain leverage in plea negotiations. By pleading guilty, defendant waived all factual defenses, including the defense of entrapment (see, People v Normandin, 122 AD2d 348). Further, we find no

denial of defendant's constitutional right to equal protection of the laws in the District Attorney's policy not to accept pleas to less than the top count of an indictment. The offer of a plea bargain is not a constitutional right, but a matter of prosecutorial discretion (see, *Weatherford v Bursey,* 429 US 545, 561). Because neither a fundamental right nor a suspect classification is involved here, we need find only a rational basis for different plea-bargaining policies in different counties (see, *People v Elliby,* 80 AD2d 875). Such a basis is apparent in the differing caseloads and staffing which exist in different areas of the State. Finally, given that defendant was allowed to plead guilty to a single count in full satisfaction of a nine-count indictment and the sentence was in accord with the plea bargain, we find no reason to disturb the sentence imposed by County Court (see, *People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.