OPINION OF THE COURT
Larry M. Himelein, J.
Defendant was convicted, following a jury trial, of two counts of second degree murder (Penal Law § 125.25 [2] [depraved indifference murder]) and a number of other offenses resulting from a high-speed motor vehicle chase on the Southern Tier Expressway which left two people dead and two others seriously injured. Defendant was subsequently sentenced to a series of concurrent terms with the longest being 25 to life. He now moves to set aside the conviction on the legal grounds of ineffective assistance of counsel.
The factual, and thus limited, basis upon which defendant relies is a plea offer made on September 6, 1994, at a pretrial conference. At that time, defendant had been indicted for a top count of second degree manslaughter. At his arraignment, pursuant to this court’s policy, a premotion conference was scheduled and the court agreed to read the Grand Jury minutes. During the conference, the People offered defendant a plea to two class D and two class E felonies. The court indicated that the maximum sentence would probably be imposed.* Because all the charges arose from a single incident, all sentences would have to be concurrent; thus, the maximum would have been 21/s to 7.
The Grand Jury minutes were subsequently released to the parties, a motion to dismiss based on numerous errors committed during the Grand Jury presentation was argued and the indictment was dismissed, with leave to re-present granted. *531 Defendant was reindicted, this time for the more serious charge of depraved indifference murder. Prior to trial, defendant was offered a plea to second degree manslaughter which the court reviewed with defendant on the record. The plea was rejected and defendant was ultimately convicted of murder and a number of other offenses.
Defendant now contends that he was not made aware of the original plea offer to two class D and two class E felonies. Thus, he contends that he was denied the effective assistance of counsel. The remedy, he contends, is to restore him to the position he was in at the time and permit him to plead per the original offer, notwithstanding that such a plea is now, by virtue of the second indictment, outside the plea bargaining limits enacted by the Legislature (see, CPL 220.10 [5] [d] [i]). Nonetheless, defendant contends that the court must dismiss the second indictment, notwithstanding the verdict, reinstate the first, notwithstanding that it was dismissed pursuant to defendant’s own motion, and compel the District Attorney and the court to permit defendant to plea per the original offer.
Defendant makes much of the fact that the People have not controverted defendant’s factual premise, i.e., that he was not advised of the original plea offer and thus, pursuant to People v Gruden (42 NY2d 214), the claim must be deemed to be true. Gruden, however, concerned CPL 30.30 motions where the People may easily controvert factual claims. Here, how would any prosecutor be able to controvert an allegation that a defense attorney did not convey a plea offer? The People are simply not in a position to controvert such an assertion and this court cannot conclude that the claim must be accepted as true. Adopting defendant’s argument would essentially require, if defendant’s legal analysis is found to be correct, an automatic reversal any time a defense attorney was willing to say he or she failed to notify the client of a plea offer.
Nonetheless, assuming arguendo the correctness of defendant’s factual claims, the court is asked to overturn a jury verdict and the sentence imposed, dismiss a validly obtained indictment, reinstate a previously dismissed indictment and then force the District Attorney to offer a reduced plea. Notwithstanding defendant’s assertions au contraire, this court believes there are statutory and constitutional obstacles to that request.
The statutory problems are manifold. A motion to dismiss an indictment should be made within 45 days of arraignment (CPL 210.20 [2]). The Criminal Procedure Law provides no procedure *532 to move to dismiss postconviction, although there is a procedure to move to set aside a verdict. Were the verdict to be set aside, however, the indictment would still stand except for any counts of which defendant was acquitted. There are no legal grounds raised that would then warrant a dismissal pursuant to CPL article 210.
Further, a trial court has no power to set aside a verdict on discretionary grounds (People v Carter, 63 NY2d 530). Such an action can only be taken by the trial court as a matter of law; the Appellate Division is the only court with the power to review the facts (supra). While defendant’s claim would appear to be one based on subdivision (1) of CPL 330.30 as a ground which would require reversal as a matter of law, this court is not prepared to agree that reversal would, in fact, be required as a matter of law. If the Appellate Division, utilizing its factual review power, believes that reversal is warranted for these reasons, that is their prerogative; however, this court cannot make that determination as a matter of law.
Another point bears mentioning. Contrary to defendant’s belief, this court believes there are separation of powers issues involved here. What right does any court, as a part of the judiciary, have to direct a public prosecutor, as an arm of the executive branch, to offer or not offer a particular plea? The Fourth Department, although not discussing the constitutional implications, has made clear that a court cannot reduce charges against a defendant without the District Attorney’s express consent (Matter of Himelein v Nenno, 168 AD2d 957; Matter of Cosgrove v Kubiniec, 56 AD2d 709; Matter of Blumberg v Lennon, 44 AD2d 769). Moreover, in Cosgrove, the Court specifically noted the District Attorney’s right to control prosecutions (see also, People v Cohen, 186 AD2d 843; Weatherford v Bursey, 429 US 545).
The court acknowledges the Federal and sister State authority submitted by defendant (United States ex rel. Simon v Murphy, 349 F Supp 818 [ED Pa 1972]; State v Ludwig, 124 Wis 2d 600, 369 NW2d 722; Hanzelka v State, 682 SW2d 385 [Tex]; State v Simmons, 65 NC App 294, 309 SE2d 493; People v Ferguson, 90 Ill App 3d 416, 413 NE2d 135; Lyles v State, 178 Ind App 398, 382 NE2d 991; People v Whitfield, 40 Ill 2d 308, 239 NE2d 850; and especially, Boria v Keane, 83 F3d 48, reaffd 90 F3d 36, corrected opn 99 F3d 492). In addition to the fact that these cases are clearly not binding on this court and defendant cites no New York authority that supports his claim, there is also an element in this case absent from those cited by defen *533 dant. Here, the initial plea offer cannot be repeated because of the postindictment plea bargaining limitations adopted by the Legislature (CPL 220.10 [5] [d] [i]).
Two other points should not be overlooked. One is that counsel was, in fact, successful in having the initial indictment dismissed. One might argue that no such motion should have been made because it led to an indictment on more serious charges; however, the People always have the right to seek a superseding indictment so that argument carries little weight. It is difficult to criticize an attorney for successfully obtaining a dismissal.
The other point is that defendant himself rejected a later plea offer. Prior to trial, the court reviewed with defendant, on the record, the offer of two class C and two class D felonies which, because the sentences would have to be concurrent, would have resulted in a 5- to 15-year prison term. Counsel for defendant argued at that time that the court should promise a 21/s- to 7-year sentence to "make up” for counsel’s failure to inform defendant of the earlier plea offer but the court rejected that request. Defendant noted his understanding of the offer and the potential consequences of a conviction but indicated he preferred a trial. Defendant’s moving papers allege that he "may not have received the proper advice as to the wisdom of accepting or rejecting” this offer but that allegation is woefully insufficient to raise an ineffective counsel issue with respect to this later plea offer.
Accordingly, the motion to set aside the judgment of conviction is denied.

 It is the court’s recollection that I indicated that I would probably impose the maximum sentence for whatever defendant was convicted of if there was in fact a conviction. It is my further recollection that I had begun to review the Grand Jury minutes at that time and recognized that the indictment might need to be dismissed because of a number of errors made during the Grand Jury presentation. It is my further recollection that I inquired about a settlement and may have mentioned that a re-presentation might result in depraved indifference murder charges because the facts as testified to before the Grand Jury were so egregious.