■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD J. HUMPHREY, Appellant. [816 NYS2d 393]—

Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (Czajka, J.), rendered August 6, 2004, upon a verdict convicting defendant of, inter alia, three counts of rape in the second degree.

Defendant was indicted and charged with various sexual crimes, including rape, sodomy and sexual abuse, based upon the testimony of a then 13-year-old victim. Following a jury trial, defendant was convicted of three counts of rape in the second degree, sexual abuse in the second degree and endangering the welfare of a child for which he was sentenced to terms of imprisonment of 2⅓ to 7 years for each count of rape, to run consecutively, and one year for each count of sexual abuse in the second degree and endangering the welfare of a child, to run concurrently with the sentences for rape. Defendant now appeals, as limited by his notice of appeal, from his convictions for rape in the second degree.

Defendant first contends that County Court erred in denying his motion to dismiss the indictment based upon legally insufficient evidence before the grand jury, as well as lack of specificity as to the time of the alleged criminal acts and the duplicitousness of various counts of the indictment. Initially, we note that inasmuch as defendant has been convicted after a trial, his challenge as to the sufficiency of the evidence before the grand jury is unreviewable (*see People v Lee*, 16 AD3d 704, 705 [2005], *lv denied* 4 NY3d 887 [2005]). With regard to defendant's contention that the indictment lacked the necessary specificity required because it alleged acts that occurred "in September

2002," "in November 2002" and "in March 2003," it previously has been held in similar situations that given the age of the victim, the time between the commission of the crimes and the date of the report of the crimes and the fact that time was not a material element of the crimes charged, the counts of the indictment were adequate to comport with due process (*see People v Oglesby*, 12 AD3d 857, 859 [2004], *lv denied* 5 NY3d 792 [2005]). Nor are we persuaded, based upon our review of the record as a whole, that the subject counts of the indictment were duplicitous.

We likewise reject defendant's contention that the indictment was the result of defective grand jury proceedings. Contrary to defendant's assertions, the record reveals that he was afforded a fair and uninterrupted opportunity to give a narrative of his version of events prior to being cross-examined (*see People v Smith*, 84 NY2d 998, 1000 [1994]). Further, we reject out of hand defendant's claim that the grand jury proceedings were defective or that he was prejudiced by the presence of three prosecutors in the grand jury room during presentation of the case.

Finally, we reject defendant's contention that he was denied equal protection because the jurist assigned to his case did not entertain plea bargains. It has long been held that plea bargaining is not a constitutional right (*see e.g. People v Cohen*, 186 AD2d 843, 844 [1992]). Plea bargaining policies differ from county to county depending upon individual judicial philosophy, as well as differing caseloads and staffing, and certainly do not implicate constitutional considerations. A defendant is entitled to a fair trial, not a reduced charge or lesser sentence because someone else was accorded such a choice. We have considered defendant's remaining arguments and find them equally unavailing.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.