OPINION OF THE COURT
George D. Marlow, J.
Petitioner, the People of the State of New York, seeks a writ of prohibition pursuant to CPLR 7803 (2) against respondent Town of Milan Justice Francis Christensen (hereinafter Town Justice) for exceeding his judicial authority in granting respondent Carol I. Sussman’s motion to dismiss, in the underlying prosecution of a speeding violation, to the extent of accepting a plea to a lesser offense without the consent of the prosecuting authority.
Before the petition’s merits and the parties’ various contentions may be evaluated and analyzed, a history of the interplay between the Office of the Dutchess County District Attorney and the New York Division of State Police (hereinafter the Division) in prosecuting certain traffic offenses in local criminal courts would be relevant to resolving the petition.
In December 2005, Dutchess County District Attorney William V Grady sent a letter to Major John Noonan of New York State Police Troop K to confirm his “long-standing policy of deferring the prosecution of speeding cases in Dutchess County.” In this letter, the District Attorney confirmed that he “authorized the New York State Police to prosecute Infractions under the New York State Vehicle and Traffic Law, including Speeding, in violation of Section 1180.” Included in this authority is “the right to set standards with respect to permissible plea bargaining” (letter annexed as exhibit 5 to Town Justice’s verified answer and counterclaims).
*610 The Division has a long-standing regulation prohibiting its members from engaging in plea negotiation. Regulation 8A13 (hereinafter the regulation) states in relevant part:[2]
“Except in accord with Instructions concerning the reduction of a driving while intoxicated traffic charge, a Member shall not request or solicit a reduction in traffic offenses or in any way become involved in reducing such offenses or in seeking reductions in penalties assessed for such offenses.” (Salvino affirmation, exhibit 1.)
Although enforcement of this regulation “eroded over time for a variety of reasons, the State Police continued to view the practice as contrary to public policy” (id. ¶ 3).[3] Eventually, by letter dated March 1, 2006, counsel to the Division — citing the sharp increase of not guilty pleas over the past decade, the corresponding increase in the number of traffic cases disposed of by a plea negotiation to a reduced offense and “ethical, operational and fiscal concerns” — notified District Attorney Grady that as of September 1, 2006, the regulation prohibiting plea negotiation by its members would be strictly enforced {id., exhibit 2).
Specifically, counsel cited “an inherent outward appearance of unfairness and duress when a motorist is forced to plea bargain his or her case with the arresting officer, the very same officer who stands as his or her accuser, and also as the primary prosecution witness” (id.). Additionally, the perception of unfairness “may be compounded even further when, in court, the motorist observes another defendant receive what appears to be a more favorable plea bargain from either the same or a different offi-. cer. The result can be the perception of favoritism, prejudice or, even worse, bribery” (id.). Anticipating the need to change the way speeding tickets were handled in certain jurisdictions, the Division’s counsel undertook to provide reasonable notice before the Division implemented this new policy (hereinafter the policy) (id.). The Division distributed two internal memoranda *611 on March 9 and August 28, 2006 about the policy and its September 1, 2006 effective date {id., exhibits 3, 4).[4]
After the Division announced that the regulation prohibiting plea negotiating would be strictly enforced, the District Attorney nevertheless continued his policy of delegating prosecutorial authority over speeding cases to the Division as set forth in his earlier December 30, 2005 letter {see exhibit 4 to verified answer and counterclaims).
Against this backdrop, on March 25, 2007, a state trooper charged Sussman, by simplified traffic information, with traveling 78 miles per hour in a 55-miles-per-hour zone in violation of Vehicle and Traffic Law § 1180 (b). The Town Justice notified Sussman, by letter dated April 9, 2007, that the matter had been set for trial and advised her that “[effective September 1, 2006, the New York State Police are unable to enter into plea bargains, therefore, you must be prepared to go to trial” (certification of record, exhibit K).
Prior to trial, Sussman’s attorney moved to dismiss in the interest of justice pursuant to CPL 170.30 (1) on the grounds that Sussman was denied equal protection and due process because other prosecuting bodies were permitted to negotiate pleas and further because the Division’s “rules and regulations eliminate the judge’s ability to participate in and be . . . part of the plea bargaining process.” In the alternative, defense counsel sought to have the violation reduced from a six-point to a two-point violation. He served the motion papers on the Dutchess County District Attorney and the Division (petition, exhibit 2).
Continuing its role as prosecutor, as delegated by the Dutchess County District Attorney, the Division opposed the motion on the grounds that (1) no compelling factor as defined by statute {see CPL 170.30 [1]; 170.40 [1]) exists to justify dismissal in the interest of justice; (2) plea negotiation is not a fundamental right triggering equal protection; and (3) the statute precludes pleas to lesser offenses without the People’s consent (id., exhibit 3).
The Town Justice denied the motion to dismiss because “the right to plea bargain is not a fundamental right.” However, the *612 Town Justice granted Sussman’s alternative request for relief and accepted a plea to the lesser charge of failure to comply with a traffic control device in violation of Vehicle and Traffic Law § 1110 (a). The Town Justice reasoned that the “blanket” policy prohibiting plea negotiations was “an improper and unreasonable position,” that a plea could only be rejected upon “a full and fair evaluation of the evidence and [defendant’s] history” and that the policy denies defendants “the opportunity to receive justice in the Courts” (id., exhibit 4).
Thereafter, the District Attorney gave written authority to the Division’s counsel to prosecute an appeal of the Town Justice’s order accepting Sussman’s lesser plea (Salvino affirmation, exhibit 6). After concluding the proper procedural avenue was to pursue this special proceeding, the Division’s counsel obtained oral authorization from the Chief Assistant District Attorney to commence a CPLR article 78 proceeding (id. 1i 8).
The Division’s counsel commenced this special proceeding pursuant to CPLR 7803 (2) on behalf of the People of the State of New York to prohibit the Town Justice from accepting lesser pleas in the absence of the People’s consent. He also seeks to vacate the guilty plea and to reinstate the underlying criminal action. The Town Justice answered and purported to assert three counterclaims. The first two request a declaration that the Superintendent of State Police exceeded his authority by establishing the policy and that this court declare it null and void because it “effectively and unilaterally circumvents the prosecutorial discretion of our District Attorney and guts the legislative functions of our Government” (verified answer and counterclaims H 34). The Town Justice contends further that the policy “creates a special conflict of interest for the special prosecutor . . . [and] prevents the special prosecutor from fairly evaluating any case” (id. at 43). The third counterclaim asserts first that the Division has acted in excess of its authority in performing special prosecutorial functions by bringing this proceeding and second seeks prospective relief to prohibit it from instituting any future special proceedings in the Town of Milan on behalf of the People of the State of New York (id. at 52).
The Town Justice further asserts a myriad of affirmative defenses and objections in point of law. Specifically, he contends that (1) the petition fails to state a cause of action by failing to name the trooper and the Division as parties; (2) the proceeding is barred by the statute of limitations; (3) the Division’s counsel *613 has no legal capacity to initiate suit on behalf of the People; (4) the Division has no legal authority to bring a special proceeding; and (5) his decision was not in excess of his judicial authority (see Town Justice’s verified answer and counterclaims 1Í1Í 53-57).
Sussman also answered and asserted a “laundry list” of affirmative defenses, some overlapping those of the Town Justice. Specifically, Sussman claims that (1) she was denied due process by the Division’s refusal to provide her the internal policy memo, thus depriving her of the opportunity to properly defend herself; (2) the Division has a conflict of interest when it prosecutes speeding cases on behalf of the District Attorney because its troopers act as complainants, prosecutors and witnesses; (3) the Division failed to demonstrate its authority to bring the article 78 proceeding; (4) the District Attorney should have brought an appeal, and not the instant proceeding; (5) the Division “ha[s] not pleaded authority to bring an application for a writ of prohibition, nor provided any evidentiary or legal proof that this proceeding can be maintained against [either respondent]” (Sussman’s answer 1i 14); (6) the proceeding is time-barred; and (7) the principle of double jeopardy prohibits reprosecution {id. 1Í1Í 8-16).
Even though not named as a party, the Division replied to the allegations asserted against it in the Town Justice’s counterclaims through its counsel, the Attorney General of the State of New York. The Attorney General’s reply also asserts affirmative defenses and objections in point of law. The Attorney General argues that (1) the counterclaims should be dismissed for failure to join a necessary party; (2) they failed to state a cause of action because a prosecutor has ultimate authority over any plea offer and a defendant has no constitutional right to a lesser plea; (3) the counterclaims are time-barred; and (4) the Town Justice has no standing to challenge a prosecutor’s policy (see verified reply to counterclaims 1Í1Í 21-24). The Division’s surreply states the basis of its authority to bring this proceeding (see Salvino affirmation).[5]
*614 Despite his objection in point of law that the proceeding must be dismissed for failing to name the Division and the trooper as parties, the Town Justice moves, pursuant to CPLR 401, for leave to add the Division and its Superintendent as parties. Specifically, the Town Justice claims that (1) the Division “filed a petition in the name of the People while obscuring their own interest and failing to include themselves in the initial caption on the Petition” (affirmation in support of motion 1110); (2) the actions of the People and the Division “are necessarily united in interest” {id. 1111); and (3) the People and the Division “have been represented by the same counsel” {id. If 12).
The Attorney General, on behalf of the purported counterclaim defendants, opposes the motion on the ground that the District Attorney authorized the Division to commence the special proceeding on behalf of the People. Moreover, as an independent basis to deny the motion, counsel argues that the counterclaims are otherwise without merit.
In reply, the Town Justice maintains that the Division’s policy is not uniformly applied in the Town of Milan.
Parties
In his objections in point of law, the Town Justice argues that the petition should be dismissed for failure to state a cause of action for failing to name the trooper[6] and the Division as petitioners. Although not asserted as an objection in point of law, the Town Justice nevertheless argues in support of his answer that the caption should also have included the Superintendent of the Division. Additionally, the Town Justice asserts three counterclaims against the Superintendent and the Division and moves to add them as parties.
The initiating petition alleges a simple cause of action, i.e., that the Town Justice exceeded his statutory authority by accepting Sussman’s plea to a lesser offense without the prosecutor’s consent. The Division commenced this proceeding on behalf of the People of the State of New York. The trooper, the Division and the Superintendent of State Police are not necessary parties to enable this court to determine ultimately *615 whether the Town Justice exceeded his statutory authority when he accepted Sussman’s reduced plea (see Matter of Board of Educ. of Roosevelt Union Free School Dist. v Board of Trustees of State Univ. of N.Y., 282 AD2d 166, 175 [3d Dept 2001] [insufficient showing that Board of Regents was necessary party “for a complete resolution of the matter”]). Moreover, to hold as the Town Justice requests would suggest, by logical and analogous extension, that whenever a routine criminal action is brought on behalf of the People, the District Attorney would be required to name as plaintiffs himself or herself, the Office of the District Attorney and the individual prosecuting assistant district attorney in every case. This is not the law.
Furthermore, the trooper is also not a necessary party because his role in the town court speeding case is essentially that of a complaining witness.
Respondents are attempting to add to this simple and straightforward proceeding a challenge to the policy the Superintendent announced, and thereby prevent the Division’s enforcement of its earlier regulation.[7] However, these challenges are not defenses relevant to the ultimate issue posed by this special proceeding, and, therefore, the parties implicated by these separate independent challenges are not necessary to determine the petition’s specific demand.
The Town Justice further maintains that (1) because it is united in interest with the People and (2) both the Division and the People are represented by the same attorney, the Division cannot assert that it is not a party. The Town Justice also contends that the Division “blurred the lines” between the parties in its petition and obscured its own interest by failing to include itself in the caption.
It is abundantly clear that the Division commenced this proceeding on behalf of the People of the State of New York to challenge the Town Justice’s authority to allow this defendant, Carol I. Sussman, to plead guilty to a lesser offense without a prosecutor’s consent. However, respondents, not petitioner, challenge the policy itself and its enforcement.[8] Thus, neither the law nor the petition’s demand mandates that the Division be named as a party.
*616 Moreover, the record persuasively contradicts the .Town Justice’s contention that the People and the Division are united in interest because they are represented by the same attorneys (see Volkman affirmation in support of motion to add parties If 12). Counsel for the Division, with the authority of the Dutchess County District Attorney, commenced the instant proceeding on behalf of the People of the State of New York. Separate counsel, i.e., the Attorney General, appears on behalf of the Division to reply to counterclaims purportedly asserted against the Division and the Superintendent of the Division and to oppose adding them as parties.
The Town Justice also purports to assert counterclaims against the Superintendent and the Division, but they are not parties in this proceeding. Consequently, these allegations are not properly asserted as counterclaims (see CPLR 3019 [a]). Rather, a claim asserted by a party against any new party is a third-party claim leveled in a third-party action (see CPLR 1007), and that third party must be brought into the proceeding in a procedurally authorized manner (see CPLR 305 [a]; 3019 [d]; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C1003:2). However, the procedural devices normally governing joinder of parties are unavailable in special proceedings. Given the summary nature of a special proceeding, leave of the court is required to join new parties (see CPLR 401). Thus, whether to allow additional parties is discretionary (see Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C401:2).
The parties the Town Justice seeks leave to add are unquestionably not indispensable to this particular proceeding (see Matter of Board of Educ. of Roosevelt Union Free School Dist. v Board of Trustees of State Univ. of N.Y., 282 AD2d 166 [2001]). Moreover, even assuming the court should add these parties in order to resolve the counterclaims, these counterclaims are otherwise and, in any event, required to be dismissed (see discussion infra).
Capacity to Sue and Legal Authority
Notwithstanding this clear record, both respondents nevertheless maintain that the Division had no legal capacity to bring this proceeding nor the legal authority to act on behalf of the *617 District Attorney. Although the District Attorney is responsible to prosecute crimes within the county, the District Attorney and his assistants need not themselves personally prosecute every offense committed in Dutchess County. Rather, a district attorney may authorize other entities, including police officers, to appear on his or her behalf (see County Law § 700 [1]; People v Soddano, 86 NY2d 727 [1995]; People v Van Sickle, 13 NY2d 61 [1963]). Thus, another entity — such as the Division herein — can acquire standing to bring a proceeding on behalf of the People when a district attorney authorizes it to do so (see Matter of Winn v Rensselaer County Conditional Release Commn., 6 AD3d 929, 930-931 [3d Dept 2004], lv dismissed 3 NY3d 687 [2004]).
The instant facts themselves defeat respondents’ assertion that the Division acted beyond the scope of its authority as special prosecutor in bringing this special proceeding. The record amply demonstrates that District Attorney Grady empowered the Division to prosecute certain traffic offenses and that he continued this authorization even after the Division implemented its policy prohibiting plea negotiation. Moreover, the record unmistakably demonstrates that the District Attorney gave the Division, acting as the prosecuting body, explicit and express authority to press this challenge to the Town Justice’s so-called plea agreement with Sussman.[9]
Although the Division’s counsel initially sought to appeal, based on the District Attorney’s written authority, he ultimately concluded that the best way to proceed was by a writ of prohibition. The record stands uncontradicted that the Chief Assistant District Attorney gave oral permission to the Division’s counsel to bring the instant proceeding instead of an appeal. Indeed, neither respondent claims this oral permission was not given. In light of the foregoing, this court must reject respondents’ contention that the District Attorney did not confer authority on the Division to institute this proceeding.
Statute of Limitations
Both respondents argue that if the Division improperly commenced this petition on the People’s behalf, it is time-barred. However, since the record shows the District Attorney properly *618 authorized the Division’s counsel to bring this proceeding, respondents’ statute of limitations claim must fail.
Due Process
Sussman complains she was denied due process because (1) the Division refused to provide its internal memo about the policy, and (2) the Division did not provide a written statement of the District Attorney’s delegation of authority, the memo, rule or regulation forming the basis for eliminating plea negotiation in speeding cases, or the District Attorney’s authority to refuse to negotiate pleas in speeding cases. These plaints are not defenses to the only contention at issue here, namely, whether, by accepting a plea to a lesser offense without a prosecutor’s consent, the Town Justice exceeded his judicial authority as it is prescribed and limited by the language of the applicable statute. Rather, Sussman’s apparent challenge is to the policy or regulation itself, which is not — and cannot be — the subject of the instant proceeding.
The Conflict of the Division
Sussman also contends that the Division has. a conflict of interest when it acts simultaneously as complainant, prosecutor and witness in speeding prosecutions, and, therefore, the court should dismiss the petition. Again, this only challenges the policy or regulation itself and is, therefore, irrelevant to this petition’s merits.[10]
Double Jeopardy
Sussman argues that if this court grants the writ, double jeopardy precludes reprosecution. However, double jeopardy concerns are not implicated where, despite the termination of a proceeding upon a plea of guilty, the proceeding is “subsequently nullified by a court order which restores the action to its prepleading status” (see CPL 40.30 [1] [a]; [3]). Neither Sussman’s plea to the lesser offense nor any vacatur of the guilty plea by this court is “the equivalent of an acquittal based on an adjudication as to the factual elements of the charge” (People v Bartley, 47 NY2d 965, 967 [1979]). Accordingly, the appropriate remedy is for this court to reinstate the simplified information and remand for further proceedings (see Matter of Himelein v *619 Nenno, 168 AD2d 957 [4th Dept 1990]; Matter of Cosgrove v Kubiniec, 56 AD2d 709 [4th Dept 1977]; Matter of Blumberg v Lennon, 44 AD2d 769 [4th Dept 1974]).
Equal Protection
Even though not asserted as an affirmative defense or objection in point of law, the Town Justice nevertheless argues that the Superintendent’s blanket policy prohibiting troopers from negotiating plea agreements is an equal protection violation. Again, this is a challenge to the regulation which the policy seeks to enforce. Furthermore, in ruling on Sussman’s motion to dismiss, the Town Justice did not find an equal protection violation, but, rather, ruled only that the policy was “improper and unreasonable.” The record does not indicate Sussman appealed this adverse decision. In any event, because neither a fundamental right nor a suspect class is implicated, there need only be a rational basis for differing plea negotiation policies (see People v Cohen, 186 AD2d 843 [3d Dept 1992]; see also People v Humphrey, 30 AD3d 766 [3d Dept 2006], lv denied 7 NY3d 813 [2006] [plea negotiation policies differ from county to county depending on individual judicial philosophy as well as differing case loads and staffing]). Moreover, even were the challenge properly before this court, the record as presented is inadequate to evaluate whether the rational basis standard has been met.
The Petition
The People maintain the Town Justice acted without judicial authority when he accepted Sussman’s lesser plea without the consent of a prosecuting authority. The Town Justice counters that, because each plea must be evaluated on its own particular facts, he did not exceed his authority in accepting a lesser plea. Specifically, he
“granted defendant’s reduction . . . solely on the need to ensure that justice was not usurped in an arena where the prosecutor refused to comply with his legal duties and obligations as a quasi-judicial officer of the court and fully and fairly evaluate the facts and circumstances in each case.”
To begin with, a writ of prohibition, although extraordinary, is nevertheless available when, as petitioner alleges here, a court acts “in excess of its authorized powers” (Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]; accord Matter of *620 State of New York v King, 36 NY2d 59 [1975]; see also Matter of Himelein v Nenno, supra, 168 AD2d 957 [1990] [prohibition appropriate remedy where court exceeded its powers by accepting plea to lesser offense without consent of prosecuting authority]).
The next, last and dispositive avenue for this court’s inquiry — appropriately focusing on the petition itself — is the issue about whether the Town Justice did in fact exceed the statutory limits of his judicial authority. It is beyond cavil “there is no constitutional right to plea bargain” (Weatherford v Bursey, 429 US 545, 561 [1977]; see also United States v Jackson, 390 US 570, 584 [1968]). Rather, a decision about whether to enter a reduced plea agreement is a matter of prosecutorial discretion (see People v Cohen, 186 AD2d at 844, citing Weatherford). Indeed, “[a] defendant is entitled to a fair trial, not a reduced charge or lesser sentence because someone else was accorded such a choice” (People v Humphrey, 30 AD3d at 767).
The Town Justice argues incorrectly that the statutory prohibition against accepting a plea to a lesser offense without the consent of a prosecuting authority applies only to an indicted defendant (see CPL 220.10 [3]). On the contrary, this statutory limitation on a judge’s authority applies equally to the acceptance of reduced pleas where a defendant is charged by way of a simplified information (see CPL 340.20 [1]; 340.10 [1]; see also Matter of Blumberg v Lennon, supra, 44 AD2d 769 [1974]). It is obvious in this record and from the literal language of the applicable statutes that the Town Justice exceeded his judicial authority when he accepted Sussman’s plea to a lesser offense without first obtaining the consent of both a prosecutor and the defendant (see CPL 220.10 [3]; 340.20 [1]; 340.10 [1]; Matter of Himelein v Nenno, supra, 168 AD2d 957 [1990]; Matter of Cosgrove v Kubiniec, supra, 56 AD2d 709 [1977]; Matter of Blumberg v Lennon, supra, 44 AD2d 769 [1974]). The absence of a prosecutor does not obviate the need to comply with the statutory requirement of consent. Indeed, there is nothing in the statutory scheme to indicate the Legislature intended any such exception.
Matter of Kurlander v Davis (103 Misc 2d 919 [Sup Ct, Monroe County 1980]) does not require a contrary result. There, the court found that the district attorney could not condition his consent to an adjournment in contemplation of dismissal upon the defendant’s execution of a waiver of civil remedies.
The Town Justice further argues that it is illogical to state, on the one hand, that he had the authority to dismiss the infor *621 mation in its entirety in the interest of justice, but, on the other hand, he could not accept a plea to a lesser offense without the consent of a prosecutor. However, the underlying reasons behind these two distinct remedies are vastly different and they are not mutually inconsistent. “Plea bargaining serves important functions for both prosecutors and defendants, such as individualized justice, leniency and economy” (Matter of Hynes v Tomei, 92 NY2d 613, 624-625 [1998], cert denied 527 US 1015 [1999]).
Specifically, a plea agreement relieves calendar congestion, “staves off collapse of the law enforcement system,” “relieve[s] the prosecution and the defense . . . from ‘the inevitable risks and uncertainties of trial’,” and “telescopes the judicial process and the necessarily protracted intervals involved in charge, trial, and sentence, and even appeals, hopefully starting the offender on the road to possible rehabilitation.” (People v Selikoff, 35 NY2d 227, 233 [1974] [citation omitted], cert denied 419 US 1122 [1975].) It also permits an exchange of leniency for information and assistance, and “[p]erhaps most important . . . enables the court to impose ‘individualized’ sentences, an accepted ideal in criminology, by avoiding mandatory, harsh sentences adapted to a class of crime or a group of offenders but inappropriate, and even Draconian, if applied to the individual before the court” (id. [citation omitted]).
However, a motion to dismiss in furtherance of justice is based on “some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant . . . would constitute or result in injustice” (CPU 170.40). There is nothing inherently inconsistent in denying a motion to dismiss in the interest of justice — which this Town Justice did, apparently because Sussman did not satisfy the delineated statutory criteria to justify a dismissal — [11]and then upholding the statutory prohibition which prevents a court from accepting a plea to a lesser offense without the consent of a prosecutor.
*622 The Town Justice maintains that (1) the prosecution of speeding charges is not uniform throughout the state; (2) each prosecution of a speeding offense should be evaluated on its own facts; (3) the policy is not uniformly enforced; and (4) the District Attorney should not continue to allow the Division to prosecute speeding cases in light of the policy prohibiting plea negotiation. Even assuming arguendo these objections do have some level of validity, they create no defense for any judge who accepts a plea to a lesser offense without the statutorily required consent of a prosecuting authority. Unfortunately, this court cannot remedy, in the context of this proceeding, the objections made to the underlying policy and regulation, even were these objections shown to be valid.
First and Second Counterclaims
Setting aside that the counterclaims are inappropriately asserted against nonparties, the Town Justice has no standing to assert the first and second counterclaims against the Division and the Superintendent of State Police, thereby seeking an order declaring the policy null and void. A sine qua non of standing is actual harm (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207 [2004]). Here, the party potentially harmed in a legally cognizable way by the challenged policy is the defendant, not the court — although concededly there are adverse consequences and added stresses to a lower court’s ability to manage its docket. In any event, there is no right to a reduced plea agreement (see discussion supra).[12]
Moreover, the record adequately contradicts any contention that there is no evidence the policy was sent to the Dutchess County District Attorney’s Office. Furthermore, the fact that the District Attorney reiterated its decision to delegate prosecutorial authority to the Division after the effective date of the policy also squarely defeats the Town Justice’s claim that the District Attorney never approved the policy. Although he states the District Attorney never set any policy restricting prosecutors in local justice courts, it is obvious on this record that the Town Justice was aware that the District Attorney conferred prosecuting authority on the Division and was aware of the *623 Division’s newly-enacted policy before he accepted Sussman’s reduced plea. Contrary to the Town Justice’s contention, the policy cannot and does not prohibit a judge from participating in the plea agreement process. Rather, it is the clear and unambiguous language of the statutes which specifically and categorically limits the court’s authority to act without the consent of both sides (see CPL 220.10 [3]; 340.20 [1]; 340.10 [1]).
Finally, the Town Justice maintains that the four-month statute of limitations (see CPLR 217 [1]) does not bar these two counterclaims. He posits that the Division was without authority to enact the policy, and, therefore, the statute of limitations does not apply. Moreover, even if applicable, it did not begin to run until the policy was challenged in this proceeding. A determination is considered final and binding for statute of limitations purposes when it impacts the party challenging it and when that party knows he or she is aggrieved (see Matter of Feldman v Board of Educ. of City School Dist. of City of N.Y., 259 AD2d 700 [2d Dept 1999]). Regardless of whether the statute of limitations can be ignored if an administrative agency acts without authority, here, the party allegedly aggrieved by the policy is Sussman, and she has asserted no counterclaims.
Third Counterclaim
Even assuming arguendo that the Division is a proper party to this proceeding, the record is utterly barren of any support for the allegations in the third counterclaim that the District Attorney did not authorize the Division to bring the instant proceeding on behalf of the People. This, coupled with the fact that the law empowers the District Attorney to confer authority on another entity to prosecute his cases compels the conclusion that the instant proceeding was properly commenced. Given the District Attorney’s power to delegate prosecutorial authority, the Town Justice’s additional request for an order prohibiting the Division from bringing further article 78 proceedings in the Town of Milan on behalf of the People of the State is premature. Whether such relief would ever be warranted would depend on the particular facts of any future case. Accordingly, the Town Justice’s request for prospective relief at this juncture is speculative and premature (see Tri-State Sol-Aire Corp. v County of Nassau, 156 AD2d 555 [2d Dept 1989]), and, therefore, must be dismissed.
This court has no doubt that this Town Justice acted out of a sincere and good faith belief that his decision was legally, ethi *624 cally, and practically appropriate and sound. Furthermore, this court is sympathetic to and it is equally concerned — as is the Town Justice — about the particular and unique problems this change of the Division’s policy has wrought on some local courts in Dutchess County and elsewhere around the state. However, the proper remedy cannot be for this court to countenance an act in excess of express statutory authority and limits. Rather, the solution rests in the hands of other agencies and with other branches and levels of government. For example, the Town may appoint a special prosecutor to handle traffic offenses, or it may ask the State Legislature again — for the fourth time — to reintroduce a bill to abrogate the Division’s regulation and — as well for the fourth time — to ask the Governor to approve it in an acceptable form. Indeed, perhaps several towns, in order to. reduce costs, can consider jointly engaging and sharing one or more qualified attorneys to act as a special prosecutor.
For this court to hold otherwise in the face of such clear and unambiguous statutory language which three successive Governors have refused to change would, in this court’s view, compromise the State’s separation of powers.
Based on the foregoing, the petition seeking a writ of prohibition is granted, respondent Town Justice’s counterclaims are dismissed, and the motion to add parties denied. Further, the simplified information is reinstated, and the matter remanded to the Town of Milan Justice Court for further proceedings on the simplified information, not inconsistent with this opinion.

. The papers do not indicate the effective date of the regulation.

. The Division explained that, despite the regulation prohibiting plea negotiation, several Judicial Conduct Commission opinions “resulted in guidelines strictly prohibiting judicial initiated or negotiated pleas” thus eroding the regulation’s enforcement (id., exhibit 2).

. In May and June 2007, the Senate and Assembly voted to approve a bill which would have prohibited the Superintendent of the Division from restricting state police officers from negotiating traffic charges (see Christensen affidavit in opposition 1I1Í10, 11, exhibit 1). However, the proposed law has been vetoed by two former governors, and, more recently, in August 2008, Governor Paterson again vetoed the proposed legislation (see Paterson Rejects Ticket Plea Bargaining by Troopers, NYLJ, Aug. 8, 2008, at 1, col 3).

. The Town Justice submits a “reply” to petitioner’s reply and in further support of his counterclaims and a supplemental affidavit. However, such responsive pleadings are limited in special proceedings to “a reply to new matter” (CPLR 402) “such as an affirmative defense” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C402:3, at 449). Thus, the only permissible submissions would be those made in response to the affirmative defenses submitted in reply to the counterclaims and not those *614 made in further support of his counterclaims. Sussman asserted no counterclaims, yet counsel nevertheless submits a supplemental affidavit, seemingly in response to the Attorney General’s reply on behalf of the Division to the Town Justice’s counterclaims, a response which the statute does not permit (see CPLR 402). In any event, there is nothing asserted in this supplemental affidavit which would alter the outcome.

. Notably, in his later motion for leave to add parties, the Town Justice does not request that the trooper be added.

. In fact, the court notes that it is the regulation, not the policy that should be challenged. The policy at issue merely gives notice that the regulation will be strictly enforced.

. If the Town Justice believes that the Division is selectively enforcing the policy, then, assuming standing and timeliness, a separate action for selec *616 tive enforcement might be viable. In any event, selective enforcement is not a defense to the instant petition, and even if it were, such a determination could not be made on this record.

. Sussman further claims that the District Attorney should have brought the special proceeding. However, this is not a legal objection in point of law to the petition. Regardless of what the District Attorney should have done, the fact remains that he had the power to and did delegate prosecutorial authority to the Division to challenge Sussman’s plea agreement.

. It is interesting to note that the very conflict Sussman cites as a basis to deny the petition is the same conflict the Division cites as part of the basis for justifying the no plea negotiation policy.

. In defense of this proceeding, the Town Justice states that he did not think it fair for the prosecuting trooper to refuse to negotiate a plea given that defendant was 70 at the time of the offense and had a clean driving record. However, Sussman’s age and record were not set forth as factors to consider in either the motion to dismiss or in the Town Justice’s decision. Moreover, there is no indication in the record that Sussman appealed from that part of the motion to dismiss which was adverse to her. In any event, these factors are not defenses to the court’s failure to act within the scope of its judicial authority.

. The Town Justice asserts that prior to the policy being implemented on September 1, 2006, he never received a motion on a speeding ticket, and in 2007 alone, he received 42 motions relative to tickets issued by New York State troopers, and that the number of trials has increased since the policy went into effect. However, even assuming denial of the right to a plea agreement is a cognizable injury, these are collateral, not direct effects of the policy.