OPINION OF THE COURT
James V. Brands, J.
The petitioner challenges the delegation of prosecution of charges against her of harassment in the second degree by the District Attorney’s office. The District Attorney’s office points *867 to People v Soddano (86 NY2d 727 [1995]) for its holding that the District Attorney may delegate the prosecution of “petty crimes or offenses” to private attorneys. However, it was a state trooper who did the prosecuting of a speeding violation under the Vehicle and Traffic Law, not an individual complainant’s private attorney’s prosecution of a harassment charge.
Petitioner is represented by the Public Defender, James Hill. Petitioner wanted Mr. Hill to represent her in her cross complaint against the complainant, Jonathan Dallar. However, Mr. Hill is not authorized to do so, but only to represent indigent defendants on criminal charges. The petitioner states she cannot afford to retain counsel and has been unable to find counsel to represent her pro bono. At an appearance before respondent, Harold D. Epstein, as Town Justice, the petitioner’s cross complaint was dismissed.
These proceedings all arise following a board meeting held July 18, 2005 at the Locust Grove Condominium Complex in Fishkill, New York. An incident occurred involving the petitioner, Jonathan Dallar, and Heidi Braun, as a result of which the police were called. Petitioner was charged with two counts of harassment in the second degree based on the complaints by Mr. Dallar and Ms. Braun. Mr. Dallar was charged with one count of harassment in the second degree (dismissed as herein-above referenced) based upon the complaint of the petitioner. According to Mr. Hill’s affirmation, the District Attorney’s office advised at an appearance before Justice Epstein that due to the fact that the charges were all noncriminal violations not classified as domestic violence cases, per the policy of the Dutchess County District Attorney’s office, it would not be prosecuted. The District Attorney’s office authorized private counsel to prosecute the complaints on behalf of Mr. Dallar and Ms. Braun. All matters were set for trial on January 11, 2006. The matter could not be resolved, and was adjourned, ultimately without date pending the determination of this petition. Petitioner objects to the attorneys, D. James O’Neil and Adam Kirk, being designated by the Dutchess County District Attorney’s office to prosecute the complaints of Mr. Dallar and Ms. Braun, respectively, on the basis that they are private practitioners involved in the general practice of law, who were retained by the complainants, who are not employees of the Dutchess County District Attorney, and are not duly appointed to represent the People of the State of New York. Petitioner’s counsel argues that County Law § 700 (1) provides that the district at *868 torney shall conduct prosecutions for all crimes and offenses including harassment in the second degree. County Law § 701 provides a mechanism for the appointment of a special prosecutor in certain circumstances which the petitioner and her counsel state are inapplicable here. Petitioner’s counsel points to People v Zimmer (51 NY2d 390 [1980]) and Code of Professional Responsibility EC 7-13, providing that a district attorney’s primary obligation is to the public and that the defendant, as a member of the public, is entitled to a full measure of fairness such that his mission is not so much to convict as it is to achieve a just result. Counsel argues that this is not so of a private attorney retained to prosecute a criminal defendant. It is upon this that petitioner bases her argument that the absence of a “neutral prosecutor” in this case violates her due process rights.
In answer, the District Attorney’s office states it has a longstanding policy of not assigning Assistant District Attorneys to prosecute violations of local laws, considered “petty” offenses. In 1963, the New York Court of Appeals found that although County Law § 700 (1) does not mandate the physical presence at every criminal hearing in the county of the District Attorney or his deputy, it means at least that the District Attorney must carry the responsibility and set up a system whereby he knows of all the criminal prosecutions in his county and either appears in person or by assistant or consents to appearance on his behalf by other public officers or private attorneys (People v Van Sickle, 13 NY2d 61 [1963]). The petitioner argues that the District Attorney has not carried out this responsibility. Further, in the Van Sickle matter, the complaining witness prosecuted on her own behalf, and in the cases cited in that opinion, it was the Deputy Sheriff, Village Attorney, Town Attorney or Corporation Counsel that prosecuted. At bar, there is no claim other than that the counsel are being paid by the complainants. If a defendant has no right to choose the prosecutor, why should a complainant? This court finds a great distinction between pro se representation, representation by a District Attorney or other public servant on behalf of the People and prosecution by a lawyer hired by the complainant versus an indigent defendant. That is not justice, but an abuse of the judicial system.
The District Attorney’s office argues that petitioner is seeking prohibition to review a claim that she is about to be improperly tried on violation charges and therefore is raising an issue in a pending criminal case which may not be reviewed in a *869 CPLR article 78 proceeding, and argues that petitioner’s remedy if convicted would be to appeal. The District Attorney’s office argues that a private attorney appointed by the District Attorney’s office must abide by the same standards as a public prosecutor. This is impossible, at bar, where those prosecutors have been privately paid and retained by the complainants. Further, although petitioner alleges that her complaint was unfairly dismissed, the District Attorney’s office offers no explanation for this nor as to how such a determination was made, which is particularly troublesome given that all three complainants gave information and supporting depositions to the responding police at or about the same time, following the July 18, 2005 incident, and in the same form, and where the basis for such dismissal cannot be ascertained from the papers before this court.
As argued in the reply affirmation of James Hill, Esq., of the Dutchess County Public Defender’s office, the petitioner does not seek mandamus or prohibition against the Dutchess County District Attorney. Counsel argues that allowing this proceeding to go forward would constitute an abuse of authority by the Town of Fishkill which is an issue properly before this court upon review in an article 78 proceeding. This court agrees.
There is an inherent conflict and ethical dilemma for a privately retained attorney to prosecute on behalf of the District Attorney’s office based upon which this court finds it would be an abuse of discretion and in excess of lawful procedure to allow the prosecution to go forward in such manner.
Accordingly, it is hereby ordered that the petition is granted to the extent that the respondent, Honorable Harold D. Epstein, as Town Justice of the Town of Fishkill, Dutchess County, New York, shall not proceed in People v Sedore if prosecution is not by the District Attorney, or an Assistant District Attorney.