■ ROBERT MORGENTHAU, Petitioner, v JAY GOLD, Respondent.—Petition in an original proceeding in this Court pursuant to CPLR article 78 for relief in the nature of prohibition, seeking vacatur of the guilty plea accepted on August 10, 1992 by respondent, as the Justice presiding at Part 69 of the Criminal Term of Supreme Court, New York County, in the underlying criminal prosecution on New York County Indictment No. 14448/91 *(People v Nathaniel Johnson),* is unanimously granted, on the law, without costs, the plea is vacated, and the indictment is remanded for further proceedings in accordance with law.

The indictment charged Johnson ("defendant") with one count of Criminal Sale of a Controlled Substance in the Third Degree to an undercover officer. On about ten separate occa-

sions defendant had appeared with counsel at a calendar part of Criminal Term before the case was assigned for trial before respondent on July 29, 1992. On that date defendant offered, through counsel, to plead guilty to an attempted sale in the third degree, in full satisfaction of the indictment, in return for a promised sentence of five years probation. Throughout an intensive colloquy, defendant refused to admit his guilt of the offense charged, insisting on his right to enter what amounted to an *Alford* plea *(North Carolina v Alford,* 400 US 25), whereby a defendant may be permitted to deny guilt but nonetheless plead guilty to avoid the risks perceived in going to trial. On behalf of the People, the Assistant District Attorney then withdrew her consent to the proposed plea bargain without an admission of guilt, and announced the People's readiness for trial. Despite the absence of prosecutorial consent, and even explicit objection, respondent accepted the plea and set a sentencing date. The People now seek relief in this Court.

When the People do not consent, a court is without power or jurisdiction to accept a defendant's plea to less than the full indictment *(People ex rel. Leventhal v Warden,* 102 AD2d 317; *see,* CPL 220.10 [3]). And where, as here, a court acts beyond its jurisdiction, prohibition will lie to redress this type of error *(Matter of Cosgrove v La Mendola,* 73 AD2d 810).

*Matter of Gribetz v Edelstein* (66 AD2d 788) is illustrative. In that case a defendant wished to plead to the charge of burglary in the third degree, and his co-defendant refused. The People took the position that unless both pleaded, the offer would be withdrawn and consent withheld. Despite this, the court accepted the defendant's plea. In granting prohibition and vacating the plea, the Second Department noted: "A District Attorney may dictate the terms under which he will agree to consent to accept a guilty plea and where his terms are not met, he may withhold such consent; the withholding of such consent by statutory mandate renders the court without authority to accept a plea to anything less than the entire indictment [citations omitted]." *(Supra.)*

Here, the People had the power and right to "dictate" the terms and conditions of the plea, and one of those conditions, advanced early in the plea negotiations, was an allocution containing an admission of guilt. Criminal Term had no power to sweep that condition aside. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Asch, JJ.

■ VLADIMIR DOKOUDOVSKY, Individually and Doing Busi-