OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Term should be affirmed.
 

 
 *728
 
 A State Trooper observed defendant operating his vehicle at the speed of 76 miles per hour on State Route 17 and issued a speeding ticket. Defendant appeared for trial in the Blooming Grove Town Court (Orange County) and met with the Trooper to discuss a possible plea agreement. Defendant sought to plead guilty to a defective speedometer charge, but the Trooper offered only a lesser degree of speeding. Defendant rejected the Trooper’s offer and the case proceeded to trial before the Town Justice and was prosecuted by the Trooper over defendant’s objection. Defendant argued that only the District Attorney’s office could prosecute the case. Defendant was convicted and sentenced to a fine. The Appellate Term affirmed the judgment of conviction, ruling that it was permissible for the complainant State Trooper to prosecute the traffic infraction in lieu of an Assistant District Attorney.
 

 County Law § 700 (1) provides that "[i]t shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he or she shall have been elected or appointed.” It is well settled, however, that this statute does not require the District Attorney’s personal presence at every criminal hearing in a county, and the prosecution of petty crimes or offenses may be delegated to subordinates and other public or administrative officers and even to private attorneys
 
 (see, People v DeLeyden,
 
 10 NY2d 293, 294 [prosecution by Deputy Sheriff who made the speeding charge];
 
 People v Czajka,
 
 11 NY2d 253, 254 [prosecution of traffic offense by Deputy Town Attorney]). District Attorneys, of course, retain the ultimate, nondelegable responsibility for prosecuting all crimes and offenses, but they may allow appearances by public officers or private attorneys so long as they are kept aware of all the criminal prosecutions in the county
 
 (see, People v Van Sickle,
 
 13 NY2d 61, 62-63).
 

 The remaining arguments are without merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.