■ In the Matter of CHARLES J. HYNES, Petitioner, v LEWIS DOUGLASS, as Justice of the Supreme Court of the State of New York, et al., Respondents. [649 NYS2d 476] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, *inter alia,* to prohibit the respondent Douglass from sentencing the respondent Hilary Cyril in a criminal proceeding entitled *People v Hilary Cyril* under Kings County Indictment No. 492/96, and to compel the respondent Douglass to vacate the plea taken under that indictment.

Upon the papers filed in support of the petition and the papers filed in opposition thereto, it is

Adjudged that the petition is granted, on the law, without costs or disbursements, the respondent Douglass is prohibited from sentencing the respondent Hilary Cyril under Kings County Indictment No. 492/96, and the respondent Douglass is directed to vacate the plea of guilty accepted by him from the respondent Cyril and thereupon proceed upon the indictment.

In the underlying criminal prosecution, the respondent Hilary Cyril was charged, *inter alia,* with attempted murder in the second degree (one count), assault in the first degree (two counts) and assault in the second degree (three counts). On August 22, 1996, in the absence of the People and without their consent, the respondent Douglass accepted a plea from Hilary to the first count, attempted murder in the second degree, in satisfaction of the whole indictment.

A court is without the power or jurisdiction to accept a guilty plea to less than the full indictment without the consent of the

People (*see*, CPL 220.10 [4] [a]; *Matter of McDonald v Sobel*, 272 App Div 455, *affd* 297 NY 697; *Matter of Gribetz v Edelstein*, 66 AD2d 788; *Morgenthau v Gold*, 189 AD2d 617). Where, as here, a court acts beyond its jurisdiction, prohibition will lie to redress the error *(Morgenthau v Gold, supra)*. Mangano, P. J., Bracken, Rosenblatt and Ritter, JJ., concur.