[655 NYS2d 604]

In the Matter of ANTHONY MENNELLA, Appellant, v MARGA-
RITA LOPEZ-TORRES et al., Respondents.

Second Department, March 31, 1997

APPEARANCES OF COUNSEL

*Meryl L. Wenig,* Brooklyn, for appellant.

*Dennis C. Vacco, Attorney-General,* New York City *(Carolyn Cairns Olson* of counsel), for Margarita Lopez-Torres and another, respondents.

## OPINION OF THE COURT

McGINITY, J.

In this proceeding pursuant to CPLR article 78 for relief in the nature of mandamus, the petitioner seeks to compel the respondents, a Judge of the Civil Court of the City of New York, County of Kings, and the Chief Clerk of the Civil Court, to allow execution of a warrant of eviction without conditioning it upon the expiration of five days from service of judgment upon the tenant by regular mail. At issue herein is whether the Civil Court retains any discretion under RPAPL 732 (3) to impose conditions upon the execution of a warrant of eviction. We hold that the Civil Court does not.

The facts are not in dispute. The petitioner, as receiver, commenced a summary proceeding against a tenant to recover possession of commercial real property on the ground of nonpayment of rent. It was alleged in the petition that the tenant failed to pay the monthly rent of $525 from May 1994 through November 1994, a period of seven months. The tenant failed to answer the petition, although duly served, and in a judgment entered on March 15, 1995, the respondent Civil Court Judge Lopez-Torres directed the entry of a judgment of possession in favor of the petitioner. The judgment stated: "Final judgment of possession only. Warrant may issue 5 days after service of copy of the judgment upon the tenant by regular mail with a post office certificate of mailing to be filed with the Clerk of the Court." The petitioner commenced a proceeding pursuant to

CPLR article 78 in the nature of mandamus to compel the respondent Judge Lopez-Torres to issue the warrant of eviction without condition or reservation. The respondent Judge issued the warrant and thereafter the CPLR article 78 proceeding was discontinued upon stipulation. An amended judgment entered May 23, 1995 provided, "Final judgment of possession only. Warrant may execute 5 days after service of copy of the judgment upon the tenant by regular mail with a post office certificate of mailing to be filed with the Clerk of the Court."

The petitioner then commenced the instant proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent Judge to allow the execution of the warrant without the submission of any additional documents, contending that RPAPL 732 does not require the service of a copy of the judgment upon the tenant by regular mail with a post office certificate to be filed with the clerk of the court, prior to the execution of the warrant, where a tenant has failed to answer or appear. The petitioner urges that the statute is clear that the entry of a judgment and the issuance of the warrant is not discretionary but ministerial in nature. The respondents cross-moved for dismissal of the petition, arguing that the extraordinary remedy of mandamus does not lie, that the statute does not prevent the court from issuing notice requirements, and that the petitioner's remedy, in any event, was to appeal from the order to the Appellate Term.

The Supreme Court granted the cross motion and dismissed the petition without explanation.

Here, where the tenant was allegedly seven months in arrears and defaulted in the underlying landlord-tenant proceeding, the principal issue is the propriety of the remedy of mandamus. The principles governing the remedy of mandamus are well established. Traditionally, " '[m]andamus lies to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought' " *(Klostermann v Cuomo,* 61 NY2d 525, 539, quoting *Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16), but does not lie to compel an act which involves the exercise of judgment or discretion *(Gaynor v Rockefeller,* 15 NY2d 120, 131; *Matter of Gimprich v Board of Educ.,* 306 NY 401, 406). A party seeking mandamus must show a "clear legal right to the relief" *(Matter of Legal Aid Socy. v Scheinman, supra,* at 16). However, the availability of the remedy "depends not on the applicant's substantive entitlement to prevail, but on the nature of the duty sought to be commanded—i.e., mandatory, nondiscretionary action" *(Matter*

*of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88, 97). Here, the duty of the respondent Judge to direct the execution of a warrant of eviction without imposing additional submission of documents and conditions is established by RPAPL 732 (3).

RPAPL article 7 sets forth the requirements for summary proceedings to recover possession of real property. RPAPL 732, which is central to this appeal, sets forth special provisions which are applicable in nonpayment proceedings, provisions which have been made applicable in the Civil Court by regulation *(see,* 22 NYCRR 208.42 [d]). Subdivision (3) thereof provides that "[i]f the respondent [tenant] fails to answer within five days from the date of service, as shown by the affidavit or certificate of service of the notice of petition and petition, the judge *shall* render judgment in favor of the petitioner and may stay the issuance of the warrant for a period of not to exceed ten days from the date of service" (emphasis supplied). The statute clearly mandates the entry of judgment in favor of the petitioner if the petitioner has proven service of the petition and the tenant has defaulted. No other discretion is afforded to the respondent Judge.

The respondents' attempt to distinguish *Matter of Brusco v Braun* (84 NY2d 674) is unavailing. There, the Court of Appeals was confronted with the question of whether the respondent Civil Court Judge retained the discretion to withhold a judgment pursuant to RPAPL 732 (3) when the statutory requirements for relief had been met. Notwithstanding that the petition was in proper form and that documentary grounds for relief and proper service on the tenant were established, the Civil Court directed an inquest. In affirming the Appellate Division, the Court of Appeals held that mandamus was appropriate to compel the respondent Judge to do that which the statute required, in that case, to grant judgment in favor of the petitioner, stating that the statute directed the result.

Here, the respondents argue that the statute is silent as to the service of the judgment and does not prohibit a Judge from directing that a copy of the judgment be mailed to the tenant as directed in this case. Such argument, however, overlooks the plain holding in *Matter of Brusco v Braun (supra),* which is that once the statutory requirements have been met, judgment shall be rendered in favor of the petitioner, and the Civil Court has no further discretion. Indeed, the Court of Appeals noted that RPAPL article 7 represents the Legislature's intent to establish an expeditious procedure for the recovery of possession of real property balancing the rights of landlords and tenants

*(Matter of Brusco v Braun, supra,* at 681), stressing that tenants are protected by multiple notice provisions as well as by postdefault remedies. Even if the mailing requirement imposed by the respondent Judge was not the source of any delay, as the respondents argue, it is of no moment. Parties are entitled to know that their matters, when governed by uniform rules of procedure, will be determined on the basis of these rules, and will not be the subject of individualized protections, or the requirements of a particular Judge. As the Court of Appeals concluded in *Brusco v Braun (supra,* at 682), "[t]he statute [RPAPL 732] does not authorize the Judges to fashion additional, individualized protections upsetting the legislative scheme". We determine, therefore, that the respondent Civil Court Judge was without discretion to impose an additional mailing service requirement upon the petitioner.

The respondents' further argument that mandamus does not lie, in that the petitioner has an available remedy at law in an appeal to the Appellate Term, ignores the fact that the petitioner was the successful party in the underlying proceeding wherein the tenant defaulted. Under such circumstances, it is inappropriate to require the successful party to comply with the respondent Judge's service directive and then appeal to challenge the imposition of the requirement to submit additional documents.

Accordingly, the judgment appealed from is modified, on the law, by deleting therefrom the provision denying that branch of the petition which sought to compel the respondent Margarita Lopez-Torres, Judge of the Civil Court of the City of New York, County of Kings, to issue the warrant of eviction without further proceedings or the submission of any additional documents and substituting therefor a provision granting that branch of the petition, and by deleting therefrom the provision granting the cross motion to dismiss the petition in its entirety, and substituting therefor a provision denying that branch of the cross motion which was to dismiss the petition insofar as asserted against the respondent Margarita Lopez-Torres, and as so modified, the judgment is affirmed, without costs or disbursements.

PIZZUTO, J. P., ALTMAN and GOLDSTEIN, JJ., concur.

Ordered that the judgment is modified, on the law, without costs or disbursements, by deleting therefrom the provision denying that branch of the petition which sought to compel the respondent Margarita Lopez-Torres, Judge of the Civil Court of the City of New York, County of Kings, to issue the

warrant of eviction without further proceedings or the submission of any additional documents and substituting therefor a provision granting that branch of the petition, and directing the respondent Margarita Lopez-Torres to issue a warrant of eviction in the case entitled *Matter of Mennella v Marte* (index No. 105288/94) without further proceedings or the submission of any additional documents, and by deleting therefrom the provision granting the cross motion to dismiss the petition in its entirety, and substituting therefor a provision denying that branch of the cross motion which was to dismiss the petition insofar as asserted against the respondent Margarita Lopez-Torres, and as so modified, the judgment is affirmed, without costs or disbursements, and the respondent Margarita Lopez-Torres is directed to issue the warrant of eviction forthwith.