[906 NYS2d 301]

In the Matter of THE PEOPLE OF STATE OF NEW YORK, Respondent, v FRANCIS G. CHRISTENSEN, as Town Justice of the Town of Milan, Appellant, et al., Respondent.

Second Department, August 3, 2010

APPEARANCES OF COUNSEL

*Brenner, Gordon & Lane*, Poughkeepsie (*Marshall L. Brenner* of counsel), and *Mickey A. Steiman*, Hyde Park (*David L. Steinberg* of counsel), for appellant (one brief filed).

*Paul M. Salvino*, Albany, for respondent.

*Duffy & Duffy*, Uniondale (*Michael A. Santo* of counsel), for New York State Magistrates Association, amicus curiae.

**OPINION OF THE COURT**

ANGIOLILLO, J.

Many district attorneys of counties in New York State, when faced with inadequate resources, have lawfully delegated their authority to prosecute Vehicle and Traffic Law cases to the police agencies which issue the tickets for those offenses. One such police agency, the Division of New York State Police (hereinafter the Division), adheres to a policy against plea bargaining. On this appeal, we are asked to consider whether a trial court may, in the interest of justice, accept a defendant's plea of guilty to a lesser included offense over the objection of the People in a case prosecuted by the Division. We conclude that, while we are sympathetic to the burden imposed on the courts by any blanket policy against plea bargaining a certain class of offenses, the trial courts are without authority to offer a defendant a plea to a reduced charge without the consent of the People. We also conclude that a district attorney may properly delegate authority to the Division to represent the People in a CPLR article 78 proceeding to challenge a trial court's acceptance of a plea of guilty over the People's objection in a case prosecuted by the Division.

Factual and Procedural Background

The District Attorney's Delegation and the Division's Policy Against Plea Bargaining

The Dutchess County District Attorney, William V. Grady (hereinafter the District Attorney), has a longstanding practice of delegating the prosecution of offenses under the Vehicle and

Traffic Law to, inter alia, the Division. In a letter to the Division dated December 30, 2005, the District Attorney defined the scope of the delegation for all such cases to include "the recommendation of bail on arraignment, if appropriate; preparation and filing of supporting deposition; preparation and filing of motions and answers to motions; trial of the case including the right to call and cross examine witnesses and the right to set standards with respect to permissible plea bargaining." The District Attorney further explained that the delegation was deemed necessary because his limited staff of assistant district attorneys could not possibly handle the thousands of Vehicle and Traffic Law cases prosecuted in local Dutchess County courts.

At the time of this delegation, the Division, by internal regulation 8A13 (hereinafter the Regulation), prohibited New York State Police Troopers (hereinafter Troopers) from engaging in plea bargaining of Vehicle and Traffic Law offenses. The Regulation provides: "Except in accord with Instructions concerning the reduction of a driving while intoxicated traffic charge, a [Trooper] shall not request or solicit a reduction in traffic offenses or in any way become involved in reducing such offenses or in seeking reductions in penalties assessed for such offenses."

In a letter to the District Attorney dated March 1, 2006, the Division's counsel acknowledged that enforcement of the Regulation had "eroded" largely because, during court proceedings, the "judges and prosecutors expected, depended [upon] and, in many cases, directed [Troopers] to meet with motorists they cited and strike a 'bargain' for disposition of the case, often in a private setting away from the courtroom." The Division found "this practice to be contrary to sound public policy for ethical, operational and fiscal concerns," and thus, the Superintendent of the Division (hereinafter the Superintendent) determined that the Regulation must be strictly enforced:

> "[W]e believe that there is an inherent outward appearance of unfairness and duress when a motorist is forced to plea bargain his or her case with the arresting officer, the very same officer who stands as his or her accuser, and also as the primary prosecution witness . . . The result can be the perception of favoritism, prejudice or, even worse, bribery.

> "Accordingly, many motorists forced to plea bargain under these circumstances have sent letters of accusation or complaint to [the Division] as well as to

other elected officials. We firmly believe that equitable considerations dictate that an accused motorist should have the opportunity in the court adjudication process to discuss and negotiate [his or her] case with an independent prosecutor, and not be required to negotiate with the arresting officer."

Counsel for the Division further noted that pleas of "not guilty" had escalated over the past decade, causing a dramatic rise in Division overtime for court appearances, during which Troopers were rarely called to testify but routinely appeared in lieu of the prosecutor to obtain dispositions by plea bargaining, a duty which, the Division believed, should be the responsibility of a prosecuting attorney. The Division's counsel, thus, informed the District Attorney that a policy of "renewed enforcement" of the Regulation would be implemented effective September 1, 2006 (hereinafter the Policy). The Policy would not affect court appearances by Troopers for the purpose of testifying or trying cases if so delegated.

By memorandum dated March 9, 2006, the Superintendent informed "All Members" of the Division that he had communicated with district attorneys statewide regarding the Policy and that Troopers were expected to cooperate with and adhere to the Policy, effective September 1, 2006. In a subsequent memorandum dated August 28, 2006, the Superintendent wrote that any violation of the Regulation "will be handled as a Division level disciplinary action."

On three occasions since 2006, the New York State Legislature has passed bills which would amend the Executive Law to prohibit the Superintendent from making regulations limiting the ability of any Division member to enter into plea negotiations for traffic offenses. Each bill was vetoed by the respective governor then in office on grounds, inter alia, that the Division is entitled to prohibit plea bargaining to avoid the appearance of impropriety, favoritism, or corruption (*see* 2008 NY Senate-Assembly Bill S7273, A10471, Veto Message No. 80; 2007 NY Senate-Assembly Bill S3445, A6505, Veto Message No. 95; 2006 NY Senate-Assembly Bill S7354, A10710-A, Veto Message No. 390).

People v Carol I. Sussman

On March 25, 2007 Carol I. Sussman was charged by simplified traffic information filed in the Town of Milan Justice Court (hereinafter the Town Court) with violating Vehicle and Traffic Law § 1180 (b) for driving 78 miles per hour in a zone limiting

the speed to 55 miles per hour on the Taconic State Parkway in the Town of Milan. In a supporting deposition, Trooper Patrick J. Wisniewski averred that the charge was based on his "direct observation" and that the People intended to offer at trial Sussman's statement, "I was going 65." According to records of the Department of Motor Vehicles, Sussman, who was 71 years old at the time of the offense, had no previous violations on her driving record.

Sussman initially pleaded guilty as charged and subsequently sought to withdraw her plea and to enter a plea of not guilty. By notice dated April 9, 2007, the appellant, Town Justice Francis G. Christensen (hereinafter the Town Justice), accepted Sussman's plea of not guilty, set a trial date, and informed her that, "[e]ffective September 1, 2006, [the Division is] unable to enter into plea bargains, therefore, you must be prepared to go to trial."

Prior to trial, Sussman, through her counsel, moved pursuant to CPL 170.30 (1) to dismiss the accusatory instrument in the interest of justice, or alternatively, for reduction of the charge from a six-point to a two-point violation, on the ground, inter alia, that the Policy deprives her of her constitutional right to equal protection under the law. She argued that, had the ticket been issued by a different police agency or if the matter had been prosecuted by the District Attorney, she would have been able to enter into a plea bargain, and that the Policy deprives the court of its authority to participate in plea negotiations.

In opposition, the People, through the Division's counsel, argued that Sussman had failed to demonstrate a compelling consideration under the statutory factors listed in CPL 170.40 (1) (a)-(j) for discretionary dismissal in the interest of justice pursuant to CPL 170.30 (1) (g). The Division further argued that equal protection was not implicated because Sussman had no constitutional right to a plea bargain, and the Policy was not based upon impermissible considerations. Nor does the Policy interfere with a court's authority to participate in plea bargaining because the court may accept a plea of guilty to a lesser included offense only with the People's consent.

At oral argument before the Town Justice, the People, represented by the Division's counsel on the motion and by Trooper Wisniewski in the event of trial, refused to negotiate or discuss Sussman's request to plead guilty to a reduced charge. From the bench, the Town Justice declined to dismiss the accusatory instrument in the interest of justice but reduced the charge and

allowed Sussman to enter a plea of guilty to Vehicle and Traffic Law § 1110 (a), failure to comply with a traffic control device. The court imposed a fine, which Sussman paid on August 20, 2007. At the request of the People, the Town Justice issued a written decision.

The Decision of the Town Court dated August 24, 2007

The Town Court denied Sussman's motion to dismiss in the interest of justice pursuant to CPL 170.30 (1), finding that, while the Policy "does present a problem for the Courts and defendants[,] the right to plea bargain is not a fundamental right." The court granted Sussman's alternative request to plead guilty to the lesser included offense of violating Vehicle and Traffic Law § 1110 (a), in that she had "failed to comply with a speed sign." After noting the People's contention that the court may not accept such a plea without their consent, the Town Court opined that the Division's "blanket policy" against plea bargaining without regard to a defendant's unique circumstances or record "is an improper and unreasonable position":

> "There is no question a prosecutor can reject a plea to a lesser count but it should be supported by the facts. In the opinion of this Court a rejection of a plea bargain should be based on a full and fair evaluation of the evidence and defendant's history. A blanket policy has the effect of removing the goal of seeking justice and establishes a real or perceived goal of only obtaining convictions . . .
>
> "This Court is granting the motion to reduce the traffic charge not because the Prosecutor will not enter into a plea bargain but because the Prosecutor will not discuss the matter and hear the Defense[']s reason for such plea bargain request. The Prosecution should make its decision regarding a plea bargain based on a full and fair evaluation of the evidence and defendant's history. As long as the [Division] refuses to plea bargain based on a memorandum of the Superintendent and not on a full and fair evaluation of the evidence and defendant's history[,] the defendant is denied the opportunity to receive justice in the Courts."

After the disposition in Sussman's case, on October 23, 2007, the District Attorney sent the Town Justice a copy of his letter to the Division dated December 30, 2005, which confirmed his longstanding policy of delegating the prosecution of Vehicle and Traffic Law offenses to the Division.

## The CPLR article 78 Proceeding

Subsequent to Sussman's plea of guilty, the District Attorney authorized the Division to file an appeal on behalf of the People and informed the Appellate Term of the delegation. Counsel for the Division and the District Attorney's Chief Assistant later determined, however, that a direct appeal was not statutorily permitted (*see* CPL 450.20). On December 5, 2007 the Chief Assistant District Attorney informed the Division's counsel that the District Attorney authorized the Division to commence a special proceeding. Pursuant to this delegation, the Division represented the People in filing a CPLR article 78 petition in the Supreme Court, naming the Town Justice and Sussman as respondents, seeking a judgment (1) prohibiting the Town Justice from accepting pleas to lesser offenses in the absence of agreement by the People, and (2), vacating Sussman's plea and the Town Justice's acceptance of that plea, and restoring that case to its pre-pleading status.

The Town Justice answered and asserted three purported "counterclaims" against nonparties the Division and the Superintendent. Under the first and second counterclaims, he sought a declaration that the Policy was null and void on grounds that (1) the Superintendent exceeded his authority in establishing the Policy, which circumvents the prosecutorial discretion of the District Attorney, and (2), the Policy "creates an inherent conflict of interest" for the Division, preventing it from "fairly evaluating any case." Under the third counterclaim, the Town Justice alleged that the Division is performing unauthorized special prosecutorial functions by bringing this proceeding pursuant to CPLR article 78 and sought prospective relief prohibiting the Division from instituting any such special proceedings in the future. The Town Justice also asserted affirmative defenses including failure to join Trooper Wisniewski and the Division as necessary parties, the Division's lack of legal capacity or authority to initiate a special proceeding on behalf of the People, and failure to demonstrate that the decision of the Town Justice was rendered in excess of jurisdiction, arbitrary, capricious, or an abuse of discretion.

In further opposition to the petition, the Town Justice submitted an affidavit averring that, in the Town Court, police officers have historically and routinely engaged in plea bargaining; had Sussman been ticketed by an officer from a police agency other than the Division, she would have been eligible for a charge reduction. Prior to the implementation of the Policy in Septem-

ber 2006, the Town Justice had never received a motion in a speeding ticket case, but in 2007, there were 42 motions filed in cases prosecuted by the Division, and the Town Justice had also seen a dramatic increase in the number of trials. The Town Justice further averred that he reduced Sussman's charge to ensure that justice was not usurped by the prosecutor's refusal to comply with his legal duty to fairly evaluate the facts of the case, which involved a 71-year-old defendant with a clean driving record. Finally, he averred that he had no knowledge of the District Attorney's delegation of authority to the Division's counsel to act as "special prosecutor" in this proceeding. The People replied to this claim of improper delegation in an affirmation of the Division's counsel stating that, on December 5, 2007 the Chief Assistant District Attorney gave oral authorization for the Division to represent the People in this special proceeding.

Sussman filed an answer asserting affirmative defenses, including the alleged violation of her right to equal protection, the Division's conflict of interest in prosecuting her case, and the Division's lack of authority to bring this special proceeding.

Despite its status as a nonparty, the Division answered the Town Justice's "counterclaims" against it by interposing "affirmative defenses," including its status as a nonparty, the Town Justice's lack of standing to challenge the Policy, and failure to state a cause of action. In reply to the Division's answer, the Town Justice submitted a supplemental affidavit listing seven traffic cases in which, upon defense motion, he accepted pleas of guilty to reduced charges over the objection of the Division without subsequent challenge by the People. In addition, the Town Justice filed a motion to join the Division and the Superintendent as parties, claiming that the petition was improperly brought in the name of the People to obscure the Division's own interest.

The Attorney General, as counsel for the nonparties Division and Superintendent, opposed the motion on the ground that the District Attorney had made a proper delegation to the Division to commence the special proceeding on behalf of the People, who were, in effect, the only party in interest.

The Order and Judgment Dated September 2, 2008

The Supreme Court denied the Town Justice's motion to join the Division and the Superintendent as parties, dismissed the Town Justice's counterclaims, and, in effect, granted the People's petition in its entirety (*see Matter of People v Chris-*

*tensen*, 21 Misc 3d 608 [2008]). Regarding the Town Justice's contention that Trooper Wisniewski, the Division, and the Superintendent should be joined as parties to this special proceeding, the Supreme Court held that their joinder is not necessary to determine the issue raised in the petition, namely, whether the Town Justice exceeded his statutory authority when he accepted Sussman's plea of guilty.

The Supreme Court dismissed the "counterclaims" seeking a declaration that the Policy was null and void on the ground that the Town Justice did not have standing to assert those claims (*id.* at 622). The Supreme Court determined that Sussman's constitutional equal protection claim was not properly before it and, in any event, the record was inadequate to evaluate that claim (*id.* at 619). The Supreme Court dismissed the Town Justice's counterclaim regarding improper delegation, holding that the District Attorney, with knowledge of the Policy, properly delegated the prosecution of Vehicle and Traffic Law offenses to the Division and also properly delegated his authority to commence a special proceeding to challenge the Town Justice's acceptance of Sussman's plea of guilty. The record stands uncontradicted that the Chief Assistant District Attorney gave oral permission to the Division's counsel to commence this special proceeding (*id.* at 616-617, 622-623).

Addressing the relief sought in the petition, the Supreme Court held that Sussman had no constitutional right to enter into a plea bargain, which is a matter of prosecutorial discretion, and the Town Justice exceeded his authorized powers by accepting Sussman's plea of guilty to a reduced charge without the consent of the People in violation of CPL 220.10 (3), 340.10 (1) and 340.20 (1). The Supreme Court rejected the Town Justice's argument that these provisions of the CPL are inconsistent with dismissal in the interest of justice pursuant to CPL 170.40, which is a remedy based upon vastly different considerations (*id.* at 619-621). Further, the Supreme Court held that the Town Justice's contention that the prosecutor improperly failed to evaluate the facts of Sussman's case and to engage in the plea bargaining process uniformly is not a defense to accepting a plea without the statutorily required consent of the People (*id.* at 622). Although sympathetic to the problems created by the Policy and believing that the Town Justice had acted in good faith, the Supreme Court could not countenance an act in excess of express statutory limits (*id.* at 623-624). Accordingly, the Supreme Court granted the relief sought in the People's petition (*id.* at 624).

The Town Justice appeals from portions of the order and judgment. Sussman has not taken an appeal. The New York State Magistrates Association (hereinafter the SMA) has filed an amicus curiae brief in which it contends that the disparate treatment of similarly situated defendants in traffic court—those ticketed by the Division and those ticketed by other police agencies—violates the Equal Protection Clause of the United States Constitution.

Analysis

The Propriety of the District Attorney's Delegation

The Town Justice acknowledges that the District Attorney generally may delegate to the Division his authority to prosecute Vehicle and Traffic Law cases in Town Court, but suggests that such delegation was not properly made in Sussman's case because the District Attorney's delegation letter was filed too late and was not specifically addressed to the Town Court. In any event, the Town Justice contends, the letter was "strictly limited" to prosecutorial functions in Town Court and did not include the "fundamental authority" to institute a civil proceeding, a function which may not be delegated. Even if such a delegation were possible, the Town Justice contends, the Division counsel's "hearsay" statement regarding an oral authorization communicated by the Chief Assistant District Attorney is insufficient to establish a proper delegation.

Initially, insofar as the Town Justice is challenging the propriety of the District Attorney's delegation to the Division of the prosecution of Sussman's case in Town Court, the Town Justice does not have standing to raise that contention. "[I]n order to have standing in a particular dispute, [a party] must demonstrate an injury in fact that falls within the relevant zone of interests sought to be protected by law" (*Caprer v Nussbaum*, 36 AD3d 176, 183 [2006]; *see Silver v Pataki*, 96 NY2d 532, 539 [2001]; *Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 155 [1994]). A party "generally has standing only to assert claims on behalf of himself or herself . . . [and] one does not, as a general rule, have standing to assert claims on behalf of another" (*Caprer v Nussbaum*, 36 AD3d at 182; *see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773 [1991]; *Cardo v Board of Mgrs., Jefferson Vil. Condo 3*, 67 AD3d 945, 946 [2009]). In Sussman's case, the person suffering injury in the event of an improper delegation is Sussman, but she did not challenge the delegation by filing a special proceeding (*see Matter of Sedore v Epstein*, 56 AD3d 60

[2008]) or an appeal from her conviction (*see People v Rosenbaum,* 21 Misc 3d 135[A], 2008 NY Slip Op 52207[U] [2008]]). Indeed, since the Town Court was acting within its jurisdiction and authority in presiding over the case regardless of the propriety of the delegation, Sussman would have been unable to establish entitlement to a writ of prohibition against the Town Justice for the District Attorney's act of delegation (*see Matter of Sedore v Epstein,* 56 AD3d at 63-64). The Town Justice, therefore, suffered no injury in fact within the relevant zone of interests sufficient to confer standing upon him to contest the District Attorney's delegation to the Division of the prosecution against Sussman in Town Court.

The Town Justice does have standing, however, to contest the propriety of the District Attorney's delegation to the Division of his authority to commence this special proceeding. Since the Town Justice is a named respondent in the proceeding, he can demonstrate injury within the zone of interest protected by the law if the proceeding has been commenced and maintained against him under an improper delegation.

In making his arguments that the delegation is improper, the Town Justice characterizes the Division alternatively as a "special prosecutor," and as a party "respondent" in this appeal. The People characterize the Division's role as that of "delegated representative of the People" with "standing" to commence this special proceeding. The Town Justice replies that the Division's "standing" is not at issue, but the relevant inquiry concerns the Division's "capacity to sue." Many of the parties' contentions mischaracterize the role of the Division and the issue before us. We, therefore, deem it instructive to set forth here the distinction between the real party in interest and its representative, and to distinguish the concepts of capacity to sue, standing, and special prosecutors from the relevant issue concerning the propriety of the District Attorney's delegation to the Division of its authority to represent the People in this special proceeding.

First, with respect to identifying the real party in interest, we note that the distinction between a district attorney and the People is often blurred in the context of proceedings pursuant to CPLR article 78 arising from criminal prosecutions, when a district attorney denominates himself or herself the petitioner while actually seeking to protect an interest of his or her client, the People (*see e.g. Matter of Hynes v George,* 76 NY2d 500, 506 [1990]; *Matter of Holtzman v Goldman,* 71 NY2d 564, 570

[1988]; *Matter of Proskin v County Ct. of Albany County*, 30 NY2d 15, 19 [1972]). Here, the proceeding is brought in the name of the People rather than the prosecutor, a procedure authorized by the CPLR. A proceeding pursuant to CPLR article 78 is a "special proceeding" (CPLR 7804 [a]), "[t]he word 'action' includes a special proceeding" (CPLR 105 [b]), and "[a]n action brought in behalf of the people . . . shall be brought in the name of the state" (CPLR 1301) (*see Matter of State of New York v King*, 36 NY2d 59, 61 [1975] [the petitioner was denominated the State rather than the Attorney General in a proceeding to challenge a trial court's order alleged to be "prejudicial to the rights of the People who instituted the special proceeding"]; *cf. New York ex rel. Boardman v National R.R. Passenger Corp.*, 233 FRD 259, 265 [2006] [in a breach of contract action, although the State of New York was nominally the plaintiff, the "true actors" in the litigation were deemed to be "the agencies functioning within their 'zone of interest' and authority" in entering into the contract]).

■ We conclude that the Division, acting as counsel to the petitioner, correctly declined to name itself as a party and properly commenced this proceeding in the name of the People, the real party in interest. We have noted that the obligations of a prosecutor "flow . . . to the public, which is the client" (*Matter of Sedore v Epstein*, 56 AD3d at 67; *see Berger v United States*, 295 US 78, 88 [1935]; *People v Zimmer*, 51 NY2d 390, 393 [1980]). The Town Justice's acceptance of the plea of guilty over the objection of the People implicates a public interest which does not aggrieve the Division as an entity. The Supreme Court, thus, properly determined that the People of the State of New York were the proper party petitioner and properly declined to join the Division as a party (*see Matter of People v Christensen*, 21 Misc 3d at 614-615).

Since the Division is not a party, the arguments concerning the Division's standing and capacity to sue are not relevant here. The People unquestionably have standing to maintain this proceeding (*see Silver v Pataki*, 96 NY2d at 539; *Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d at 155; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 773; *Caprer v Nussbaum*, 36 AD3d at 182). The People also have capacity to sue. " 'Capacity' . . . concerns a litigant's power to appear and bring its grievance before the court" (*Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d at 155). "Capacity may depend on a litigant's status or . . . authority to sue or be

sued" and may be inferred by necessary implication from the party's powers and responsibilities (*Silver v Pataki*, 96 NY2d at 537; *see also Matter of Montano v County Legislature of County of Suffolk*, 70 AD3d 203, 215 [2009]). Here, the capacity of the People to challenge the Town Justice's action may be inferred from its status as a party in the underlying Vehicle and Traffic Law prosecution which gave rise to this special proceeding and by the public interest which this proceeding seeks to vindicate (*see* CPLR 1301).

With respect to the Division, the relevant issue is not standing or capacity to sue but whether the District Attorney properly authorized the Division to represent the People in this special proceeding. In this regard, contrary to the Town Justice's characterization, the Division is not a "special prosecutor" but is acting by delegation of authority from the District Attorney.

The Division has no statutory or inherent authority to represent the People. The Division is part of the executive branch of state government, and the Superintendent is appointed by the governor (*see* Executive Law § 210). The duties of the Superintendent and the members of the Division are "to prevent and detect crime and apprehend criminals" (Executive Law § 223).

By contrast, the District Attorney is a constitutional officer chosen by the electors of a county (*see* NY Const, art XIII, § 13; *Matter of Schumer v Holtzman*, 60 NY2d 46, 50 [1983]), whose duty is "to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he or she shall have been elected or appointed . . . [and to] perform such additional and related duties as may be prescribed by law" (County Law § 700 [1]). The duty to prosecute "offenses" necessarily includes "traffic infraction[s]," which are a type of offense defined by Vehicle and Traffic Law § 155 (Penal Law § 10.00 [1], [2]). A district attorney's "additional and related duties" (County Law § 700 [1]) arising from the prosecution of offenses include the duty to bring a CPLR article 78 proceeding to challenge an action of a trial court in excess of its authorized powers by which the People are aggrieved (*see Matter of Hynes v George*, 76 NY2d at 500; *Matter of Holtzman v Goldman*, 71 NY2d at 564; *Matter of Proskin v County Ct. of Albany County*, 30 NY2d at 15; *Matter of McDonald v Sobel*, 272 App Div 455 [1947], *affd* 297 NY 679 [1947]).

A district attorney may appoint assistant district attorneys who are subordinate to him or her, and may delegate duties to such assistants (*see* County Law §§ 702, 930; *Matter of Schumer*

*v Holtzman*, 60 NY2d at 50). A district attorney may not, however, appoint an assistant district attorney for the purpose of transferring "fundamental responsibilities" such as "extensive discretionary power to determine whom, whether and how to prosecute . . . power which is normally possessed only by an elected District Attorney" (*Matter of Schumer v Holtzman*, 60 NY2d at 52-53; *see People v Di Falco*, 44 NY2d 482, 487 [1978]). By contrast, when a district attorney is disqualified or otherwise unable to act, a court may appoint a "special district attorney" whose authority "supersedes" the district attorney and who "possesses all the powers and may discharge all the duties of the office during the term of the appointment" (*Matter of Schumer v Holtzman*, 60 NY2d at 50; County Law § 701).

Here, the Division's counsel does not fall within the category of special prosecutor because the Supreme Court did not appoint the Division pursuant to County Law § 701. Nor did the District Attorney appoint the Division's counsel as an assistant district attorney pursuant to County Law § 702. Rather, the delegation at issue falls within a category not found in any statute but authorized by relevant case law. "It is well settled" that County Law § 700 (1) "does not require the District Attorney's personal presence at every criminal hearing in a county, and the prosecution of petty crimes or offenses may be delegated to subordinates and other public or administrative officers and even to private attorneys" (*People v Soddano*, 86 NY2d 727, 728 [1995]; *see Matter of Sedore v Epstein*, 56 AD3d at 65). Accordingly, the delegation of the prosecution of petty offenses may be made to a state trooper (*see People v Soddano*, 86 NY2d at 728), a deputy town attorney (*see People v Czajka*, 11 NY2d 253, 254 [1962]), a village attorney (*see People v Leombruno*, 10 NY2d 900 [1961]), a deputy sheriff (*see People v DeLeyden*, 10 NY2d 293, 294 [1961]), or a corporation counsel (*see People v Schildhaus*, 4 NY2d 883 [1958]; *cf. Matter of Sedore v Epstein*, 56 AD3d at 60 [improper to delegate the prosecution of a harassment offense to a private attorney retained by the complaining witness]). "District Attorneys, of course, retain the ultimate, nondelegable responsibility for prosecuting all crimes and offenses, but they may allow appearances by public officers or private attorneys so long as they are kept aware of all the criminal prosecutions in the county" (*People v Soddano*, 86 NY2d at 728).

The case law does not squarely address the issue before us, however, whether a district attorney's proper delegation of the

prosecution of petty offenses encompasses a delegation of authority to institute a special proceeding against a judicial officer arising from such a prosecution. It has been held that a special district attorney appointed by a court pursuant to County Law § 701 to prosecute a particular case properly acts within the scope of that appointment in commencing a CPLR article 78 proceeding arising from the prosecution (*see Matter of Winn v Rensselaer County Conditional Release Commn.*, 6 AD3d 929, 930-931 [2004]; County Law § 701 [4]). Moreover, as can be seen by the appearances of counsel in CPLR article 78 proceedings, district attorneys routinely delegate their authority to assistant district attorneys to brief and argue those cases, a practice which has not been questioned (*see e.g. Matter of Holtzman v Goldman*, 71 NY2d at 564; *Matter of McDonald v Sobel*, 272 App Div at 455). Here, by logical extension, the District Attorney's authority to delegate the prosecution of Vehicle and Traffic Law offenses to the Division pursuant to *People v Soddano* (86 NY2d at 728) includes any appeal or special proceeding arising from a Vehicle and Traffic Law prosecution in which the Division has represented the People in the trial court.

The Town Justice contends, however, that the authority to bring a civil proceeding is one of those "fundamental responsibilities" which may not be transferred or delegated, citing *Matter of Schumer v Holtzman* (60 NY2d at 53). In that case, the Court of Appeals proscribed a prosecutor's improper transfer of fundamental responsibilities in conducting a major investigation and prosecution by appointing a special assistant district attorney while failing to retain any supervisory authority over the appointee (*id.* at 51-53). Not inconsistently, the Court of Appeals has also recognized the propriety of delegating fundamental responsibilities in the context of "the prosecution of petty crimes or offenses" where the district attorney is "kept aware" of the conduct of the prosecution and retains "ultimate" responsibility for it (*People v Soddano*, 86 NY2d at 728). Many of the duties performed by troopers in Vehicle and Traffic Law prosecutions in Town Court involve fundamental prosecutorial functions, such as the filing of charges, motion practice, and the conduct of trials. The institution of a CPLR article 78 proceeding is no more or less fundamental and is authorized by logical extension where it arises from the Division's prosecution of a petty offense over which the District Attorney retains supervisory authority and ultimate responsibility. Moreover, where, as here, the Division's counsel litigated the underlying motion by

Sussman in Town Court to dismiss the accusatory instrument and was most familiar with the case, the continued delegation was most efficient and practicable. Accordingly, the District Attorney properly delegated his authority to commence and maintain this special proceeding.

Moreover, contrary to the Town Justice's contention, the People supplied sufficient proof that the District Attorney made an effective delegation in this case. The People contend that the District Attorney's initial delegation to the Division of the prosecution of Vehicle and Traffic Law offenses automatically extends to include any special proceeding arising from such prosecutions. We need not decide whether, without more, the initial delegation was sufficient, because the record before us supports the Supreme Court's finding of a specific delegation to commence this proceeding. The Division's counsel averred that the Chief Assistant District Attorney orally communicated the District Attorney's delegation of authority during a conversation on December 5, 2007, and this fact is uncontested. We do not agree with the Town Justice that the averment constitutes incompetent hearsay. The Division's counsel, as a participant in the conversation, had firsthand knowledge of his conversation with the Chief Assistant (*cf. Lancer Ins. Co. v Whitfield*, 61 AD3d 724, 725 [2009]).

Nor was the evidence of the delegation improperly raised for the first time in a reply affirmation. In the People's submission in support of the CPLR article 78 petition, the Division's counsel averred inferentially that his responsibilities in this proceeding flowed from the District Attorney's initial delegation to prosecute Vehicle and Traffic Law offenses. The Town Justice answered and counterclaimed, directly contesting the delegation. The affirmation in reply with specific facts was, therefore, timely and properly made (*cf. Burlington Ins. Co. v Guma Constr. Corp.*, 66 AD3d 622, 624 [2009]). Accordingly, the actual delegation was established.

Whether the People Demonstrated Entitlement to Relief

■ ■ In their petition, the People sought two forms of relief. First, they sought a judgment generally prohibiting the Town Justice from accepting pleas to lesser offenses in the absence of agreement by the People. Second, with respect to the Sussman prosecution, they sought a judgment compelling the Town Justice to vacate Sussman's plea of guilty and to restore the matter to its pre-pleading status. For reasons shown below, the first branch of the petition is for relief in the nature of prohibi-

tion, and the second branch is, in effect, for relief in the nature of mandamus to compel an act requiring no discretion on the part of the Town Justice. The Supreme Court granted the petition in its entirety (*see Matter of People v Christensen*, 21 Misc 3d at 609, 612, 624), and we agree that the People adequately established entitlement to both forms of relief.

■ The legal basis for the relief the People seek is contained in statutes governing the entry of pleas of guilty. Sussman was charged with a Vehicle and Traffic Law offense by means of a simplified traffic information (*see* CPL 100.10 [2] [a]; 100.25, 340.10 [1]). The kinds of pleas which may be entered to a simplified information are governed by article 220 of the Criminal Procedure Law (*see* CPL 340.10 [1]; 340.20 [1]). "The only kinds of pleas which may be entered" to a simplified information are listed in CPL 220.10, which provides in relevant part that "the defendant may, with both the permission of the court and the *consent of the people*, enter a plea of guilty of a lesser included offense" (CPL 220.10 [3] [emphasis added]). The language of this provision plainly prohibits the court from accepting a guilty plea to a reduced charge absent the People's consent (*see People v Esajerre*, 35 NY2d 463, 466 [1974]; *People v Guin*, 243 AD2d 649, 650 [1997]; *People v Antonio*, 176 AD2d 528, 529 [1991]). CPL 220.10 proceeds from the premise that, "[a]t common law no part of the power to accuse a person of crime or to prosecute a person for crime was vested in a court," and any departure from this rule requires explicit statutory authority (*Matter of McDonald v Sobel*, 272 App Div at 461 [interpreting predecessor statutes in the former Code of Crim Pro]). The Town Justice, therefore, exceeded his authority by accepting Sussman's plea of guilty to a reduced charge over the objection of the People (*see Matter of Hynes v Douglass*, 233 AD2d 330, 330-331 [1996]; *Matter of Himelein v Nenno*, 168 AD2d 957, 957-958 [1990]; *Matter of Cosgrove v Kubiniec*, 56 AD2d 709, 709-710 [1977]; *Matter of Blumberg v Lennon*, 44 AD2d 769 [1974]; *Matter of McDonald v Sobel*, 272 App Div at 460-461).

The Town Justice contends, however, that CPL 170.60 authorizes the action he took in Sussman's case. CPL 170.60 provides: "Unless . . . a simplified information . . . is dismissed or the criminal action thereon terminated or abated pursuant to a provision of this article or some other provision of law, the defendant must be required to enter a plea thereto." Contrary to the Town Justice's contention, this rule requires only that the defendant enter "a plea" but does not specify the kinds of pleas

which may be entered, a matter specifically governed by CPL 220.10 (3).

Further, the Town Justice contends that, since he has the authority to dismiss the information in the interest of justice without the consent of the People (*see* CPL 170.30 [1] [g]; 170.40 [1], [2]), it follows that the statutory scheme impliedly authorizes a reduction of a traffic ticket in the interest of justice without the consent of the People. Nothing in the language of CPL 170.40, however, supports the Town Justice's position, and specific language in CPL 220.10 contravenes it. Moreover, this Court has previously considered this contention in the context of the predecessor statutes and found it to be without merit (*see Matter of McDonald v Sobel*, 272 App Div at 457-462). Accordingly, the Town Justice exceeded his authority in accepting Sussman's plea of guilty to a lesser-included offense without obtaining the People's consent.

In light of this showing, the question remains whether the People are entitled to the relief of mandamus to compel the Town Justice to vacate the plea in Sussman's case and restore the matter to its pre-pleading status. "It is well settled that the remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion . . . A party seeking mandamus must show a clear legal right to relief" (*Matter of Brusco v Braun*, 84 NY2d 674, 679 [1994] [internal quotation marks omitted]; *see New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 183-184 [2005]). Mandamus is available against a judicial officer when the duty sought to be commanded is mandatory and nondiscretionary; "the dispositive question . . . is whether [the court] retains any discretion" in the matter (*Matter of Brusco v Braun*, 84 NY2d at 679; *see Matter of Stortecky v Mazzone*, 85 NY2d 518, 523 n [1995]; *Tango v Tulevech*, 61 NY2d 34, 41 [1983]; *Matter of Phillips v Wieboldt*, 40 AD3d 650, 650-651 [2007]; *Matter of Mennella v Lopez-Torres*, 229 AD2d 153, 155-156 [1997], *affd* 91 NY2d 474 [1998]). The extraordinary remedy of mandamus will not lie if the petitioner has an adequate remedy at law, such as direct appeal, although nonappealability alone does not guarantee entitlement to request mandamus relief (*see Matter of State of New York v King*, 36 NY2d at 62-63).

The right of the People to appeal from a determination in a criminal proceeding is strictly limited by statute and does not include the right of direct appeal from the Town Justice's order

here (*see* CPL 450.20; *People v Dunn*, 4 NY3d 495, 497 [2005]). Thus, the People's remedy, if any, lies in this special proceeding pursuant to CPLR article 78 (*see Matter of Cosgrove v Kubiniec*, 56 AD2d at 709). The People established a clear legal right to relief in that the Town Justice exceeded his authority in accepting Sussman's plea of guilty in contravention of CPL 220.10 (3), 340.10 (1), and 340.20 (1) (*see Matter of Hynes v Douglass*, 233 AD2d at 330-331; *Matter of Himelein v Nenno*, 168 AD2d at 957-958; *Matter of Cosgrove v Kubiniec*, 56 AD2d at 709-710; *Matter of Blumberg v Lennon*, 44 AD2d at 769; *Matter of McDonald v Sobel*, 272 App Div at 460-461). The Town Justice contends, however, that his decision to offer the reduced charge was a proper exercise of judicial discretion to protect Sussman's constitutional rights and to remedy a prosecutorial abuse of discretion based on the Division's refusal to plea bargain despite the circumstances of Sussman's case which called for a charge reduction. Sussman, however, had not taken an appeal from the Supreme Court's judgment on these grounds, and, as noted, the Town Justice does not have standing to enforce her rights. In any event, Sussman had no constitutional right to a plea bargain, which is "a matter of grace" (*People v Esajerre*, 35 NY2d at 466; *see Weatherford v Bursey*, 429 US 545, 561 [1977]; *People v Brown*, 52 AD3d 943, 945 [2008]; *People v Humphrey*, 30 AD3d 766, 767 [2006]). Contrary to the Town Justice's contentions, CPL 220.10 (3) afforded him no discretion in the matter, and thus, the remedy the People seek, to vacate Sussman's conviction, is an action mandated by law and not requiring any discretion on the part of the Town Justice. Accordingly, the People established entitlement to relief in the nature of mandamus with respect to the branch of their petition related to Sussman's prosecution (*see Matter of Brusco v Braun*, 84 NY2d at 679; *Matter of Phillips v Wieboldt*, 40 AD3d at 650-651; *Matter of Mennella v Lopez-Torres*, 229 AD2d at 155-156).

■ The People also established entitlement to relief under the branch of their petition seeking to prohibit the Town Justice generally from accepting pleas of guilty to reduced charges without the consent of the People. "Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers . . . in a proceeding over which it has jurisdiction" (*Matter of Holtzman v Goldman*, 71 NY2d at 569 [internal quotation marks omitted];

*see Matter of Rush v Mordue*, 68 NY2d 348, 352-353 [1986]; *Matter of State of New York v King*, 36 NY2d at 62). Applying this standard here, the People adequately established that the Town Justice was acting or threatening to act in excess of his authorized powers in future prosecutions. The Town Justice acknowledged that he accepted pleas of guilty to reduced charges without the consent of the People both before and after the disposition in Sussman's case. Further, the Town Justice has expressed a strong opinion that he should exercise his discretion to accept such pleas to reduced charges if the circumstances of a defendant's case so warrant in light of the Division's blanket policy against plea bargaining. This position is contrary to law, as shown. The record, thus, supports the People's contention that the Town Justice will likely continue to accept pleas of guilty to reduced charges over their objection in future prosecutions, and thus, relief in the form of prohibition is warranted (*see Matter of Oglesby v McKinney*, 7 NY3d 561, 565 [2006]; *Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 152-153 [1983]).

Finally we note that, even if the petitioner has shown an act in excess of power for which prohibition and mandamus lie, these extraordinary remedies are not granted as of right but only in the sound discretion of the reviewing court (*see Matter of Holtzman v Goldman*, 71 NY2d at 569; *Matter of Rush v Mordue*, 68 NY2d at 354). The Town Justice urges us to exercise our discretion and reverse the order and judgment insofar as appealed from because the Division comes to court with "unclean hands," having accepted the delegation to prosecute while adhering to the Policy, which removes a fundamental function of the prosecutor and impairs the prosecutor's duty to see that justice is done. The Division, however, is not a party to this proceeding and its refusal to plea bargain is not a defense to the Town Justice's action challenged by the petition.

In its amicus curiae brief, the SMA contends that the District Attorney's delegation of Vehicle and Traffic Law prosecutions to the Division creates disparate treatment of similarly situated defendants in traffic court—those ticketed by the Division and those ticketed by other police agencies—rendering the delegation a violation of constitutional equal protection. The SMA's arguments, and many of the Town Justice's arguments, also concern the related issue as to whether a district attorney's simultaneous delegation of Vehicle and Traffic Law prosecutions to police agencies with differing policies on plea bargaining should be deemed invalid as an arbitrary adoption of inconsis-

tent positions with respect to a district attorney's authority to plea bargain. Neither the SMA nor the Town Justice has standing, however, to challenge an alleged violation of a defendant's constitutional rights nor to contest the District Attorney's delegation to the Division in Town Court. Thus, any issues which arise out of that delegation, such as the prosecutor's alleged failure to comply with his duty to administer justice evenhandedly and to evaluate cases on an individual basis, are not properly before us, and we decline to express an opinion with regard to them.

While we are sympathetic to the inordinate burden placed on the courts by any blanket policy against plea bargaining a particular class of cases, nothing in the statutory scheme grants the Town Justice the flexibility he wishes to exercise. We are constrained by statute to find that the Town Justice exceeded his authorized powers and conclude that the Supreme Court providently exercised its discretion in granting the relief sought in the People's petition.

Accordingly, the order and judgment is affirmed insofar as appealed from. MASTRO, J.P., BALKIN and SGROI, JJ., concur.

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.