[912 NYS2d 372]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HARRY MURPHY, Respondent.

Supreme Court, Appellate Term, Second Department, September 20, 2010

## APPEARANCES OF COUNSEL

*Paul M. Salvino*, Albany, for appellant. *Glenn W. Magnell*, Goshen, for respondent. *Michael A. Santo*, Uniondale, for New York State Magistrates Association, amicus curiae.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that the order is reversed, on the law, defendant's motion to dismiss the simplified traffic information is denied, the simplified traffic information is reinstated, and the matter is remitted to the Justice Court for all further proceedings.

Defendant was charged in a simplified traffic information with speeding (Vehicle and Traffic Law § 1180 [b]). He moved to dismiss the accusatory instrument in furtherance of justice pursuant to CPL 170.30 (1) (g) and 170.40. In support of his motion, defendant noted that, pursuant to the long-standing policy of Dutchess County District Attorney William V. Grady (the District Attorney) delegating to the New York State Police (NYSP) the prosecution of simplified traffic informations which do not allege a crime, the trooper who had issued the speeding ticket had been assigned to prosecute the instant case. The NYSP had implemented a no-plea-bargaining policy with respect to such prosecutions which, defendant asserted, offended his equal protection and due process rights.

In an order dated April 24, 2009, the Justice Court granted defendant's motion to dismiss the simplified traffic information in furtherance of justice (CPL 170.30 [1] [g]), basing its decision on the "exceptionally serious misconduct of law enforcement" (CPL 170.40 [1] [e]) and the impact of a dismissal upon the safety and confidence of the public in the criminal justice system (*see* CPL 170.40 [1] [g], [h]). The People appeal from this order. The New York State Magistrates Association (hereinafter the SMA) has filed an amicus curiae brief in which it contends that the disparate treatment of similarly situated defendants in traffic court—those ticketed by the NYSP and those ticketed by other agencies—violates the Equal Protection Clause of the United States Constitution.

The no-plea-bargaining policy involved herein does not provide a basis to dismiss the accusatory instrument in further-

ance of justice (*see Matter of Duckman*, 92 NY2d 141, 146-147 [1998] [court's disapproval of the prosecutor's refusal to offer a plea insufficient ground to dismiss the criminal charge in furtherance of justice]; *People v Paredes*, 12 Misc 3d 135[A], 2004 NY Slip Op 51903[U] [App Term, 9th & 10th Jud Dists 2004]). Moreover, even if defendant had more appropriately brought his motion to dismiss under CPL 170.30 (1) (f), in that he alleges that there exists a legal impediment to conviction, we would deny a motion made on this ground as well.

Initially, we note that the SMA, as amicus curiae in *Matter of People v Christensen* (77 AD3d 174 [2010]), made a similar argument that the no-plea-bargaining policy violated defendant's equal protection rights. The Appellate Division, Second Department, explicitly declined to address this issue because it found that the SMA lacked standing to raise it. In the instant case, however, we are not similarly constrained, as defendant has raised this argument both in the Justice Court and on appeal.

The no-plea-bargaining policy involved herein does not implicate a suspect class or fundamental right; therefore, it must be upheld, provided it is supported by a rational basis (*see People v Cohen*, 186 AD2d 843, 844 [1992]; *see also Weatherford v Bursey*, 429 US 545, 561 [1977] [holding that there is no constitutional entitlement to plea bargaining]). Such a basis is apparent here, where the District Attorney's delegation of prosecutorial responsibilities to the NYSP troopers issuing the traffic citations (*see generally People v Soddano*, 86 NY2d 727 [1995] [holding that it was permissible for the district attorney to delegate the prosecution of the traffic infraction to the complainant state trooper]; *Matter of People v Christensen*, 77 AD3d 174 [2010] [same]) served the legitimate purpose of responding to the shortage of assistant district attorneys, which would otherwise preclude the prosecution of traffic offenses in Dutchess County (*see generally People v Cohen*, 186 AD2d at 844). Moreover, plea-bargaining policies vary according to individual judicial philosophies, differing caseloads and staffing resources (*see People v Humphrey*, 30 AD3d 766 [2006] [noting that disparate plea-bargaining policies among different counties do not implicate constitutional considerations]). Here, the no-plea-bargaining policy instituted by the NYSP was sanctioned by the District Attorney and was rationally related to the legitimate objectives of eliminating the appearance of impropriety and ensuring the fairness of the proceeding when the trooper issuing the traffic citation also serves as the prosecutor.

Accordingly, the order granting defendant's motion to dismiss the simplified traffic information is reversed, defendant's motion is denied, the simplified traffic information is reinstated, and the matter is remitted to the Justice Court for all further proceedings.

IANNACCI, J. (dissenting and voting to affirm the order in the following memorandum). While there can be no dispute that a district attorney has the authority to delegate prosecutorial powers, I find that the use of that power in this case has resulted in disparate treatment contrary to the Equal Protection Clause of the United States Constitution. Accordingly, I respectfully dissent and would affirm the order granting defendant's motion to dismiss the simplified traffic information.

The Fourteenth Amendment to the United States Constitution provides:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Where, as here, the disparate treatment does not implicate a suspect classification or a fundamental right, the court must apply the rational basis test, which provides that a challenged classification must be upheld if it is rationally related to the achievement of a legitimate governmental interest (*see Osborn Mem. Home Assn. v Chassin*, 100 NY2d 544 [2003]; *Trump v Chu*, 65 NY2d 20 [1985]). The majority correctly recognizes that there is no constitutional right to a plea bargain (*Weatherford v Bursey*, 429 US 545 [1977]), and that the no-plea-bargaining policy of the New York State Police (NYSP) is rationally related to the legitimate governmental interest in preventing the appearance of unfairness which inheres when a motorist is forced to plea bargain with the issuing officer. However, it is the delegation of prosecutorial authority, rather than the policy itself, which presents a problem.

In the underlying decision, the Justice Court stated in relevant part that

"[i]t is clear in this speeding prosecution that the State Police's no-plea-bargaining policy precludes the complainant officer from exercising the necessary prosecutorial discretion to do justice, not merely to secure a conviction. Given the unblem-

ished driving record of the defendant and the absence of any aggravating factors in this case, this offends a 'sense of justice' . . . It is this court's view that a conflict arises when the District Attorney, in accordance with the County Law he is sworn to uphold has appropriately delegated prosecutorial authority to complainant officer who then operates under an internal agency's policy that precludes him or her from acting foremost to discharge his or her prosecutorial responsibility to do justice."

The no-plea-bargaining policy should prevent the District Attorney from delegating prosecutorial powers to the NYSP because it precludes the officers from exercising the discretion which all other prosecutors under similar circumstances possess. As a result of the no-plea-bargaining policy, motorists in the same court, before the same judge, for the same traffic violation, are being treated differently depending on whether the ticket was issued by a NYSP officer or some local police officer. Here, the People have failed to articulate a rational basis for the delegation of prosecutorial authority to the NYSP which leads to the disparate treatment of otherwise similarly situated citizens. As noted by the majority, the recent Appellate Division, Second Department, decision in *Matter of People v Christensen* (77 AD3d 174 [2d Dept 2010]) did not address the equal protection argument. Therefore, I would treat defendant's motion as having been brought under CPL 170.30 (1) (f), seeking to dismiss the simplified traffic information on the ground that there exists a legal impediment to conviction, and find that the delegation violates the Equal Protection Clause. Accordingly, I vote to affirm the dismissal of the simplified traffic information.

NICOLAI, P.J., and LaCAVA, J., concur; IANNACCI, J., dissents in a separate memorandum.